Moepht, J.
delivered the opinion of the court.
This is an application for a mandamus to compel the judge of the court of probates for the parish of St. John the Baptist to grant an order for the sale of property, pursuant to the deliberations of a family meeting of the minors Guillemin, held in the said parish, where the tutor of the said minors resides. In answer to the rule, the judge shows for cause why the writ should not issue:
1. That the succession of the late B. A. Guillemin, the father of the minors, was opened and is still pending and unsettled before the court of probates for the parish and city of Mew Orleans, which therefore has the exclusive right of ordering the sale of the property belonging to said succession.
2. That the tutor of these minors being at the same time the duly apappointed administrator of the succession, which could be accepted for them but with the benefit of an inventory, cannot apply for such a sale to any other judge than that of the place where said succession was opened.
3. That should the succession be insolvent, which may be the [502] case, the administrator is bound by law to call a meeting of its creditors in order to deliberate on the most advantageous manner of selling the property, and that this meeting can be ordered only by the judge who appointed the administrator.
*304 These reasons appear to us fully satisfactory. Until a succession, accepted with the benefit of an inventory has been administered upon, and liquidated, it must of necessity remain under the control and supervision of the court of the parish in which it was opened. Article 1042 of the Louisiana Code provides that administrators shall have the same powers and are subject to the same duties and responsibilities as the curators of vacant estates. A change of domicil of the minor heirs, who have only a residuary interest in the succession, can have no effect or influence whatever in the manner of administering it. After its liquidation, should there remain any property which it should not have been necessary to sell for the payment of the debts, the beneficiary heirs will be put in possession of it. Any sale that might then become necessary, must be authorized and ordered by the judge of the parish of the minors’ domicil, with the advice arid consent of a family meeting. La. Code, 336, 346, 1042, 1044,1055, 1160; 2 Moreau’s Digest, 438, sect. 7.
Let the rule be discharged.