HAIR & LABUZAN *v.* N. T. McDADE, Tutrix, &c.

Where a debt for costs is merged in a judgment against the principal, the surety when sued can only prescribe against the judgment.

A tutrix has a right to administer upon the estate of her minor children, without taking out letters of administration, unless required to do so by the creditors.

APPEAL from the District Court of Bossier, ———, J. *Landrum*, and *Crain & Nutt*, for plaintiffs and appellants. *Looney*, for defendant.

LEA, J. (SPOFFORD, J. recused himself, having been of counsel.) This is a suit against *Nancy T. McDade*, as tutrix of the minor children of *James G. McDade*, and as administratrix *de son tort* of his succession, for the recovery of the costs of a chancery suit instituted in the State of Alabama, in which proceedings the said *McDade* became surety on an injunction bond, the condition of which was, that in the event that an injunction sued out by one *Matthew Labrouse*, enjoining the prosecution of a suit against him by the plaintiffs, should be dissolved, they, the sureties, would be liable for the payment of "the sum

so enjoined," and all such damages, costs, &c., as the defendant might sustain by the wrongful suing out of said injunction, and all costs of the chancery suit. The injunction was dissolved by a final decree rendered therein, and a judgment for the costs (amounting to $536 32) rendered against *Labrouse*, the principal on the bond. The plaintiffs allege that they have made ineffectual attempts to collect the amount of this judgment for costs from *Labrouse*, the principal in the injunction bond, and they now ask for judgment condemning the defendant to pay the same.

For answer, the defendant pleads the general denial, and further adds the plea of *res adjudicata*, and the prescription of three, five and ten years.

The plea of *res adjudicata* is not applicable to this case. The costs of the suit in chancery formed no part of the plaintiffs' demand in the suit referred to, nor does the compromise appear to have embraced any matter of indebtedness not set forth in the petition. The claim for the costs incident to the chancery suit, has no necessary connection with, and is not embraced in the judgment which was the basis of the former suit against *McDade*. The liability of *McDade's* representatives in this suit is dependent exclusively upon the nature of his obligation as surety on the injunction bond above referred to. The only real question to be determined is, whether the plea of prescription should be maintained. All the objections incident to the injunction bond, with the exception of the costs of the chancery suit, have been satisfied. The case stands before us precisely as if *McDade* had been surety on a bond given exclusively for the costs of the chancery suit. Upon the dissolution of the injunction by a final judgment, *McDade* might have been sued for the amount of these costs as surety. No judgment was rendered against him in the decree dissolving the injunction, but such a decree was rendered against his principal, and though, as surety, the defendant is entitled to oppose all exceptions belonging to the principal debtor which are inherent to the debt, yet as that debt had become merged in a judgment against the principal, the plea of prescription is no longer available to the surety, except as against a judgment. See 12 Rob. 577, *Irish* v. *Wright ;* also, 6 Annual, 109. The transcript of the record, containing a certified copy of the bond, together with the taxed bill of costs filed in evidence, without objection, sufficiently establish the plaintiffs' right to recover the amount of costs actually incurred, viz: $536 32, with interest from judicial demand, say 24th July, 1853. The defendant is not an administratrix *de son tort*. As tutrix, she had a right to administer upon the estate belonging to her minor children, without taking out letters of administration, unless required so to do by creditors. See *Bryan* v. *Atchison*, 2 An. 462. She admits, however, in her answer, that she is administratrix of the succession of her deceased husband.

The costs of the transcript filed in evidence, forms no part of the costs of the injunction suit, but may be properly taxed as incident to this suit.

It is ordered, that the judgment appealed from be reversed ; and that the plaintiffs, *Hair* and *Labuzan*, for the use of *George B. Saunders*, do have and recover of the defendant, Mrs. *Nancy T. McDade*, as tutrix of her minor children, and as administratrix of the succession of *James G. McDade*, the sum of $536 32, with interest thereon at the rate of five per centum per annum from the 24th day of February, 1853, till paid, with costs in both courts ; the said judgment to be paid in due course of administration.