STATE *v.* THE HEIRS OF W. R. LECKIE, and his Sureties.

The beneficiary heir cannot stand in judgment for the succession.

Where the succession is accepted with the benefit of inventory, the appointment of an administrator becomes necessary, except when the heirs are all minors represented by a tutor, which case is made an exception to the general rule, the tutor having the right to administer, if the creditors do not require the appointment of an administrator.

Where a suit is improperly brought against the beneficiary heir as such, for a debt of the succession, and is dismissed on the exception of the heir, leave should be granted to the plaintiff to amend, by making the proper parties.

APPEAL from the District Court of the Parish of Rapides, *Cullom*, J.

T. C. *Manning*, for plaintiff and appellant. *Mercer Canfield*, for defendant.

MERRICK, C. J. The proceeding in this case was commenced by rule against the representatives of *William R. Leckie* and his sureties, for defalcations in the collection of the taxes of 1846. The suit having been compromised under an Act of the Legislature as to the sureties, is now before us as an appeal taken by the State from a final judgment rendered in favor of the defendants, on the plea of prescription.

The first question presented by the record is, the exception to the action on the part of the heirs, on the ground that they have not accepted the succession of the deceased purely and simply, but only with the benefit of inventory, and praying that an administrator may be appointed.

*W. R. Leckie* has been dead some years. He left seven children, four majors and three minors. The right of the heirs to accept the succession with benefit of inventory, is not questioned by the State. But it is argued that the suit can be maintained against the beneficiary heir, and that it is not essential that an administrator shall be appointed.

The object of the suit is to obtain a judgment against the succession. Can the beneficiary heirs, as such, stand in judgment for the succession ? Have they, as such, the detention of the effects of a succession? Can they acknowledge debts? It appears to us, under our present jurisprudence, the answers to these questions must be in the negative. The Civil Code and Code of Practice contemplate the appointment of an administrator, in the case the succession is accepted, with the benefit of inventory. C. C. 1030, 1042; C. P. 974, 982.

This administrator, thus appointed, must give bond and take an oath of office, and thus he becomes, *quasi,* an officer of court, subject, in certain cases, to the summary rules and motions of parties and the penalties denounced by law. This could not be the case if the beneficiary heirs could administer without these formalities.

As the law gives one or more of the beneficiary heirs preference in the administration, and confers upon them, by such appointment, a power over the estate, so also the extra judicial action of the beneficiary heir of age, who should attempt to acknowledge debts, collect revenues and debts by suit or otherwise, and administer the estate, would be liable to misconstruction and would end in charging him as unconditional heir.

Where all the heirs are minors, represented by the tutor, this reasoning has not the same force, and the case is made an exception to the general rule, if the

creditors do not require the appointment of an administrator. See 2 An. 464. *Bryan* v. *Atchison* ; 3 An. 502 ; Phillip's Dig. p. 3, sec. 8.

It seems to us quite clear, that the exception of the defendants to their capacity to stand in judgment, ought to have been maintained.

The dismissing of the suit as to the beneficiary heirs, will not prevent the plaintiff from proceeding to make the proper parties.

A final decree in favor of the defendants was erroneous, as we have already shown that they did not properly represent the succession.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that the suit be dismissed as to the said defendants, the beneficiary heirs of said *W. R. Leckie*, deceased, without prejudice to the right of the State to amend, by making the proper parties.