## SUCCESSION OF MRS. J. G. WEBER.

A tutor cannot proceed to sell succession property, by an order of the court, without the advice of a family meeting.

Creditors have a two-fold remedy : to proceed against the tutor in the usual way, or to provoke the appointment of an administrator, a sale by whom does not require a family meeting.

The heirs having a mere residuary interest in the estate thus administered, the payment of the debts must be effected even without reference to the appraisement of the property to be adjudicated.

*On a re-hearing.*—A purchaser will not be made to comply with the terms of sale with a cloud resting upon his title. It is a different thing where the purchaser complies voluntarily with the terms of sale and goes into possession.

The mandate of the executor is primarily to see that the intentions of the testator as expressed in the will are carried out. The administrator is appointed to pay debts and deliver the estate to the heirs. The curator of a vacant estate must sell, pay debts, and pay residue into the State Treasury. The mission of the tutor is to administer the estate of the *minor*, and he may administer any succession falling to him.

A meeting of the family must declare that the sale or mortgage of a minor's estate is of absolute necessity, or to his evident advantage.

*By the Court:*—Where there is such irregularity in the decree ordering the sale of minors' property, as to render it liable to reversal on a suspensive appeal, which still appears to be open to the under-tutor, we will not compel the purchaser to comply with the terms of sale.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *T. W. Collens*, for plaintiff. *J. Ad Rozier*, for defendant and appellant.

VOORHIES, J.  A lot of ground, with improvements, was adjudicated

to the defendant, against whom the present rule was taken to have the property sold *à la folle enchère*, for non-compliance with the terms of adjudication.

The property was offered for sale at the instance of the tutor of the minor heirs, by an order of the Probate Court, without the advice of a family meeting. The object of the sale was the payment of the debts of the succession.

Several objections are raised against the validity of these proceedings, by the adjudicatee, who refused to comply with the sale and never took possession of the property sold. The first, which goes to the validity of the sale, we think conclusive;—that is, the failure to call for the advice of a family meeting.

The creditors of Mrs. Weber's succession had a two-fold remedy: to proceed against the tutor in the usual way, or to provoke the appointment of an administrator. Had the latter course been pursued, a sale ordered at the instance of the administrator would not depend, for its validity, upon the advice of a family meeting: the heirs having a mere residuary interest in the estate thus administered, the payment of the debts must be effected even without reference to the appraisement of the property to be adjudicated. This is the usual way of settling estates which are encumbered with debts.

But if the creditors choose to let the tutor of the minors go on with the administration of the succession, which has devolved upon them with the benefit of inventory by effect of law, it is necessary then to distinguish at whose instance the sale is provoked, even for the payment of debts. If by the tutor, then the provisions of articles 334, 335, 336, and 337 of the Civil Code govern the case; and the advice of the family meeting cannot be dispensed with. But if by the creditors, then recourse must be had to articles 990, 991 and 992 of the Code of Practice, and then the services of a family meeting are not wanted. Vide C. C. 1155, 1156; *Michel* v. *Delaporte*, 14 An. 91; *Carter* v. *McManus*, 15 An. 641; *Bryan* v. *Atchison*, 2 An. 463; *Succession of Ira Smith*, 9 An. 107; Domat, vol. 2, liv. IV, § 24, 25.

As the adjudication of the property of Mrs. Weber's succession was not consummated by the payment of the price, followed by possession on the part of the vendee, it is of no practical utility to determine whether the latter would be protected by the consummation of the sale. There is a radical defect in the title which is tendered to him; and the aid of the Court, in a case of this kind, cannot be given to force upon an unwilling party the illegal transfer of minors' property.

It is therefore ordered and decreed, that the judgment of the District Court be avoided and reversed; and that there be judgment in favor of the defendant and appellant, with costs in both courts.

## SAME CASE—ON A RULE.

MERRICK, C. J.  In this case a petition for a re-hearing has been filed. It is supposed by counsel, that the opinion read by us overrules the case of *Bryan* v. *Atchison*, 2 An. 463, and subsequent cases wherein (the creditors not opposing) the right of the tutor to administer a succession falling to his ward is recognized.

An attentive examination of the opinion in this case, and an examination of the authorities therein cited will show, that the authority of that case is in no manner impaired by the decree which we have pronounced.

In *Bryan* v. *Atchison*, a creditor obtained a decree against *the tutor* for the sale of the effects composing a succession which had been accepted for the minor by the advice of a family meeting.  The sale was followed by a monition.

The only question, therefore, was, could the tutor stand in judgment for the succession?  It was held that he could.

The question here is not, can the tutor stand in judgment, but, can he compel a purchaser to accept a sale where he, the tutor, has neglected the forms of law in provoking the sale, and where such irregularities may throw a doubt upon the title ?

It has been held by repeated decisions of this court, that we will not compel a purchaser to comply with the terms of sale with a cloud resting upon his title. 9 An. 232; 9 An. 560; 11 An. 109.  It is a different thing where the purchaser complies voluntarily with the terms of sale and goes into possession.

That such a cloud rests upon the title tendered the purchaser in this case we think will be made manifest by a few observations.

The Civil Code and Code of Practice contain different rules for the guidance of the different sorts of representatives of successions.

The heir pure and simple, the executor, the administrator, the curator of vacant estates, the curator of absent heirs, and the tutor, while they have many duties in common, have others peculiar to themselves.  It is the appointment of the Judge (except in the case of the heir) which fixes the character of the representative, and then the law prescribes the routine which he must follow, and provides the machinery through which he must work out the results contemplated by his appointment.

The mandate of the executor is primarily to see that the intentions of the testator as expressed in the will are carried out.  The administrator is appointed to pay debts and deliver the estate to the heirs.  The curator of a vacant estate must sell, pay debts, and pay residue into the State treasury.

The mission of the tutor as fixed by his appointment and the letters granted him, is to administer the estate of the *minor*. C. C. 327.  He is the agent of the minor, and he does for the minor what the latter might do for himself if he were of the age of majority.  The law accepts for the

minor any succession which falls to him with the benefit of inventory. If therefore there should be found in the patrimony of the minor, a succession, the tutor may administer it; not because it is so written in the letters of tutorship, for such express authority cannot there be found; but because, the succession is an effect, a thing belonging to the minor, and therefore subject to the administration of the tutor for the ultimate advantage of the minor.

Now, the Civil Code Art. 334, makes the convocation of a family meeting necessary to the alienation of a minor's lands or slaves. The under-tutor must be present at such family meeting, and he may assent to the action of the family meeting, or he may oppose it. If he opposes it and the court of the first instance decides against him, he may appeal. If he has this right when the tutor does his duty and observes the forms of law, who can say that he has no right to appeal because the tutor has proceeded irregularly?

Now, suppose the under-tutor has, or should hereafter appeal from the decree ordering the sale in the case before us, and for want of notice to him the appeal should be declared suspensive; would it not have the effect of vacating the purchaser's title. With this doubt resting upon the title, we say the purchaser is not bound to comply with the terms of sale.

The formality of the family meeting required by Art. 334 C. C. is not an idle one. If the natural tutor or tutrix, who give no bond, could on a simple petition change the estate of the minors from immovables or slaves into money, the estates of the latter would be greatly jeopardized. Commonly the more solvent estates are left to be administered by the tutor. The temptations of trade, the embarrassed finances of the tutor, the demands of a second family, as well as other motives, might prompt to injudicious sales of the minor's property if the wholesome provisions of Art. 334 could be disregarded with entire impunity.

In conclusion, in order to prevent all misapprehension, we say that we here decide, that where there is such irregularity in the decree ordering the sale of minors' property as to render it liable to reversal on a suspensive appeal, which still appears to be open to the under-tutor, we will not compel the purchaser to comply with the terms of sale. This principle does not appear to us to be in conflict with either the case of *Lallanne's Heirs* v. *Moreau*, 13 L. R. 432, or *Gibson* v. *Foster*, 2 An. 509.

It is therefore ordered, that the petition for a re-hearing in this case be refused.