Soye vs. Price et al.

No. 6658.

MARTIN SOYE VS. M. A. PRICE ET AL.

It is not necessary that a succession which has been accepted with benefit of inventory should be entirely administered and liquidated, before the property of the succession can come into the legal possession of the beneficiary heirs.

Unless opposed by creditors, or heirs of age, the natural tutor of minors may take in charge and administer, as tutor, the property of the minors; and his possession of the property, in contemplation of law, is their possession.

Heirs of age who are in possession of the property of a succession, and minor heirs in possession of it by virtue of its being under the control and administration of their natural tutor, may be sued by any creditor of the succession, in a court of ordinary jurisdiction.

```
 30   93
 45   94
 30   93
 48  178
 49  607

 30   93
'50 1211
 51 1056

 30   93
111  188

 30   93
e115 718
```

$A$PPEAL from the Sixth District Court, parish of Orleans. *Eighter*, J.

*E. Bermudez* for plaintiff and appellee.

*Ogden & Hill* for defendant and appellant.

The opinion of the court was delivered by

SPENCER, J. The only question urged in this Court, is as to the jurisdiction of the Sixth District Court, parish of Orleans, so far as relates to plaintiff's demand against the minors Alice and Frank Nairne, represented by their natural tutor, George L. Nairne.

Mrs. Amelia Nairne, wife of George L. Nairne, during her life borrowed $2500 from the plaintiff and, with the authority of the Court, executed a special mortgage to secure it. She died leaving three minor children ; one, Miss M. A. Price, by a previous marriage, and the two named by the marriage with George L. Nairne. Miss Price was soon after emancipated and dispensed from attainment of majority. George L. Nairne caused an inventory of his deceased wife's estate to be made and qualified as natural tutor of his two minor children. He applied for, and upon advice of family meetings, obtained authority from the Second District (Probate) Court, to enter into an arrangement with plaintiff on behalf of said minors—Miss Price joining him therein—for an extension of time on said debt; and in order to pay the interest thereon in advance, and taxes and insurance due upon the property of the estate, he obtained authority to mortgage on behalf of said minors, joined by Miss Price, certain other property of the estate to amount of one thousand dollars. These arrangements were all carried into effect —the interest paid, debt extended and additional mortgage executed. In his applications for these orders, the tutor represents that the revenues of the estate were barely sufficient, under the existing depression, to maintain the children, and that it was to their evident interest that the property of the estate should not be forced to a sale. There is no doubt, and we believe no dispute, that the tutor, and the (emanci-

pated) heir who had accepted unconditionally were in the full possession and enjoyment of the estate of the deceased. There was no administrator appointed, nor was there any one demanding such appointment. The estate so far as it belonged to the minors was in fact in the hands and under the administration of their tutor and, so far as appears is so yet. Soye, the holder of said mortgage notes, brought this suit in Sixth District Court, via ordinaria for foreclosure and for judgment against Miss Price and the minors, and there was judgment accordingly—the plaintiff renouncing any right against the minors upon the $2500 note beyond the property inherited. The minors appeal and present as ground therefor that the suit so far as it was against them on the $2500 note, a debt of their mother's estate, should have been brought in the Second District Court—the Sixth District Court, having ordinary jurisdiction only, being without authority to entertain it. In reply to this objection plaintiff refers to Art. 996 of C. P. which is as follows :

" The case is different when such estates are in the possession of heirs, either present or represented in the State, although all or some of those heirs be minors ; for in such cases the actions for debts due from such successions shall be brought before the ordinary tribunals, either against the heirs themselves, if they be of age, or against their curators, if they be under age or interdicted. "

In 2 A. 840 this court, citing 6 N. S. 521, held that an action for a debt of the succession was maintainable in the courts of ordinary jurisdiction against minors represented by their tutor, when in possession of the estate.

In Martin vs. Cannon, 25 A. 225, it was held that the Second District Court has no jurisdiction of a suit for succession debt, against the heirs who are in possession, citing Art. 996 C. P. It is not stated whether the heirs in this case were or not beneficiary.

A similar doctrine was held in Swin vs. Gordon's succession. 25 A 221 and 231—also 25 A. 230.

But the defendant contends that minors being of necessity beneficiary heirs, can not have technically a legal possession of the estate until there has been an administration thereof and that administration is terminated.

He cites in support of this proposition a series of decisions, commencing with Ingram vs. Ingram, 3 N. S. 371, where it was held that heirs of age and who receive an estate purely and simply may be sued in courts of ordinary jurisdiction. Also, 17 La. 500, where it was held that until a succession accepted with benefit of inventory be administered upon and liquidated, it must of necessity remain under the control of the Probate Court.

In 2 R. 30, it was said that it was not easy to reconcile the Code of Practice with itself on this subject—and the Court says that Art. 996 refers "either to heirs absolute, or beneficiary heirs who have come to the possession of an estate after it has been fully administered."

So in 4 L. 220—"Where some of the heirs are minors the succession must necessarily be accepted with benefit of inventory, and all claims against it brought, an administrator having been appointed, in the Probate Court." Again it is said :

"Art. 996, C. P., applies to estates accepted *absolutely*, or those which *having been administered* by a curator, etc., have come into possession of the heirs. If they be all of age, and accept unconditionally, they are immediately put in possession, and are suable before the ordinary tribunals for their virile portion of the debts as if contracted by them. If some of them be minors the succession can not be accepted by, nor for them, *but with benefit of inventory.*

"When thus accepted it can not be partially administered but must be *placed under an administrator*, and no *part comes legally into their possession as heirs*, until the *administration be terminated*, or a partition be legally made among them." 4 R. 20, 412 ; 7 R. 24 ; 17 L. 109 ; 13 L. 379.

It may, therefore, at least be said that all the decisions are uniform to the effect that where the heirs, whether pure and simple, or beneficiary, *are legally in possession* of an estate, they may be sued for its debts, in courts of *ordinary jurisdiction.* So that the controversy narrows itself down to this : Can beneficiary heirs, (minors are always such,) *come legally into possession*, without the estate having been previously fully administered and liquidated ?

Notwithstanding the numerous authorities cited by counsel of defendants, from our earlier reports, we think it is now well settled that minors (who are beneficiary heirs of necessity) may come lawfully into the possession of the estate of their deceased parent without there having been any previous administration thereof. In 4 A. 561, "Labranche vs. Trepagnier," it was held to be settled "that the natural tutor or tutrix, *as such*, has a right to administer the succession of the deceased spouse, unless the heirs of age or creditors require the appointment of an administrator." This was but the affirmance of the same doctrine in effect, held by this Court in 1 A. 239 ; 2 A. 462 ; 3 A. 502.

In Monget vs. Penny 7 A. 134, it was held that "the wife's creditors need not provoke the appointment of an administrator to her succession, but may sue the natural tutor of its beneficiary heirs as its representative." See also to same effect 5 A. 180 ; 10 A. 534 ; 14 A. 641.

These cases clearly recognize the right of the natural tutor of the minor heirs of the deceased spouse, in the absence of opposition, to take

possession of the estate in his capacity as tutor, and to administer it as other property of his wards for their benefit. The possession of the tutor is the possession of the minor, and all his acts are in the name and on behalf of his wards.

But as an original proposition, and aside from these decisions, we think that a fair interpretation of Art. 996 itself shows that minors and beneficiary heirs may come into possession before the estate "has been fully administered and liquidated." When an estate has been fully administered and liquidated, there remain no "debts due from the succession." Why, therefore, does the Article speak of suing beneficiary heirs before the ordinary tribunals, "for debts due by the succession," if such estate *can not come into their possession until these debts are all paid?* The very fact that the Code gives a right to sue them for such debts when they are in possession, shows conclusively that they can obtain possession before these debts are paid and, therefore, before the estate has been "fully administered."

The true doctrine is this—that successions accepted under benefit of inventory should and must be administered where the creditors or heirs of age require it. But if no such demand for administration is made, the natural tutor of the minor heirs of the deceased may, as such, take possession and administer their interests therein, and that any creditor of the deceased may, under Art. 996, bring suit for their debts against the tutor in the courts of ordinary jurisdiction.

The well established jurisprudence under Arts. 65 and 66 of the Code of Practice confirms us in these views. Had the creditor in this case proceeded *via executiva* instead of *via ordinaria*, there being no administrator, his right to proceed, contradictorily with the tutor to enforce his mortgage can not be doubted. Again Art. 1671 of Revised C. C. gives the heirs, without qualification, the right when the estate is in the hands of executors to take possession, on tendering the amount of the movable legacies and giving security to creditors, as provided by Art. 1012. See Swin vs. Gordon above cited. We think, therefore, that the minors in this case were in the legal possession through their natural tutor.

We conclude, therefore, that the exception to the jurisdiction of the Sixth District Court was properly overruled, and as no other defenses are urged, and as we see no error in the judgment appealed from, it is affirmed with costs.