Succession of Sadler vs. Henderson.

No. 8564.

## SUCCESSION OF JOHN SADLER VS. BOYLE J. HENDERSON.

Where a man dies, leaving a widow in community and one minor child issue of the marriage, and the mother qualifies as natural tutrix and remains in possession of the estate, she can, by the authority of the Judge under the advice of a family meeting, borrow money to pay the debts and charges upon the estate, and mortgage property to secure the loan. The property is regarded as the effects of her ward administered for his ultimate advantage.

Where there is no tutor, the minor is properly represented in the proceeding to foreclose the mortgage by a *curator ad hoc*. C. P. 116; 34 An. 885.

Though, in an executory proceeding, the notice to the debtor is issued by the sheriff instead of by the clerk, it is not such an irregularity as to justify the annulling of the sale made under the proceeding, nor does the failure of the record to show that the under tutor took the prescribed oath, where it appears he was appointed and was present at the family meeting and approved the proceedings, constitute a sufficient ground of nullity.

APPEAL from the Civil District Court for the Parish of Orleans. Tissot, J.

*John Ray* and *Albert Voorhies* for Plaintiff and Appellant:

1. The Judge should, in his order directing letters of tutorship to issue, appoint an under tutor to the minor. O. C. C. 300.
2. The homologation of proceedings of a family meeting, when the under tutor was not present to advise and recommend at the family meeting, would be a nullity and could not be the basis of a legal title. O. C. C. 302; Stafford vs. Villain, 10 La. 328; Comeau vs. Babin, 6 N. S. 454.
3. A writ of seizure on the foreclosure of a mortgage cannot legally issue until three days after the notice served on the debtor, according to C. P. 735-6. The sheriff cannot make out such notices; it should be done by the clerk and notice served by the sheriff. 29 An. 262; 30 An. 84.
4. When the debtor in a mortgage is absent or unrepresented, the Judge, at the request of the plaintiff, shall appoint him an attorney, to whom notice of the demand shall be given, as directed in C. P. 735-6. This must be done in the petition for order of seizure, and before the writ is issued. C. P. 737. Such attorney must take an oath to discharge the duties required of him, which was not done in this case.

*T. Gilmore & Sons* for Defendant and Appellee:

1. A third person in good faith, lending money to a minor by authority of a court of competent jurisdiction, is protected by the decree, whether it be right or wrong, honest or fraudulent. Cane vs. Cawthorn, 32 An. 953, and cases there cited; Succession of Delerno, 34 An. 39.
2. And where the evidence shows that the money has been applied to pay the debts of the succession falling to the minor, and administered for his benefit by his tutrix, a subsequent tutor cannot maintain an action to annul such proceedings, without offering to restore the money so obtained and applied. Chambers vs. Wortham, 7 An. 113; Shields vs. Lafon, An. 135; D'Aquin vs. Coiron, 6 An. 684; Brown vs. Bouny, 30 An. 174.
3. A tutor has no right of action to annul, certainly not without the authorization of a family meeting, judicial proceedings had at the instance of a former tutor for the alienation of the minor's property. The action is personal to the minor upon his attaining his majority. Graham vs. Hester, 15 An. 148; Calmes vs. Caruth, 12 R. 665.

Succession of Sadler vs. Henderson.

4. When a tutor administers a succession falling to a minor, he is not a representative of the succession, but of the minor. Bryan vs. Atcheson, 2 An. 463; Succession of Weber 16 An. 420-3.

5. The widow in community was a necessary party to the suit.

The opinion of the Court was delivered by

TODD, J.   This is an action brought by the dative tutor of the minor heir of John Sadler, deceased, administering the succession of the deceased, to annul the sale of certain property made under executory proceedings instituted by the defendant, who was the purchaser at the sale.

The facts relating to the controversy are these:

John Sadler died in the City of New Orleans, leaving a widow and one minor child.

The widow qualified as natural tutrix of the minor, and caused an inventory to be made.

Shortly after her appointment she applied in her capacities as natural tutrix, and widow in community to the Second District Court of New Orleans, for permission to mortgage certain property belonging to the succession, to raise money to pay the debts thereof, alleged to amount to $3,735.56 (annexing to her petition the items thereof) stating as a reason therefor, that in consequence of the depreciation of the property, it was not advisable to sell, and that she had no money to discharge the debts.   A family meeting was ordered, which advised the borrowing of $4,000, and that certain property designated be mortgaged to secure the loan.

The proceedings of this meeting, on the application of the widow and tutrix were duly homologated.   In accordance therewith, the money was borrowed from the defendant, and the mortgage given.

After the debt matured, executory process was taken out and the property mortgaged sold thereunder, and the defendant as stated purchased the same.

The following are the grounds of nullity urged against the sale:

1st.   That the Sixth District Court was without jurisdiction to enforce the mortgage.

2d.   That the mother, having married Kelly, she lost the tutorship, and that the minor was unrepresented.

3d.   That the Sixth District Court was without authority to appoint a tutor ad hoc.

4th.   That the tutor ad hoc did not qualify.

5th.   The clerk did not issue the demand for payment.

6th.   The property was sold at a sacrifice.

7th.   The mortgage note did not constitute a debt of the minor.

8th. The succession was under administration and the widow and minor child had not been put into possession.

9th. A portion of the property was the separate property of the husband; and the inventory showed an active mass of $29,665, in which it was erroneously stated that all the property was community, and that it (the inventory) showed no passive mass.

- 10th. That the under tutor never qualified, although he acted in that capacity.

: 11th. That the debts due to Sadler's estate were more than sufficient to pay the debts of his succession, and that no account of administration was filed.

The answer was a general denial, an averment that the proceedings were regular and the sale valid, and it was further alleged that the money borrowed had been used to discharge the debts of the succession, and that no action would lie to annul the sale without an offer to return the money advanced and used for the aforesaid purpose, which had not been done.

· *First.* We think the 6th District Court of New Orleans had jurisdiction to enforce the mortgage. See Soye vs. Price, 30 An. 93. The property of the succession of John Sadler, deceased, when the mortgage was given, was in the possession of the tutrix of the minor heir of the deceased, who was administering in said capacity. In the case of the Succession of Delerno, 34 An. 39, this Court held, that under a similar state of facts as presented in the instant case, the tutrix was authorized to borrow money to pay the debts, and grant a mortgage to secure the loan. See also Cane vs. Cawthorn, 32 An. 953; Bryan vs. Atchison, 2 An. 463; Succession of Weber, 16 An. 420. Under these authorities, the property administered by the tutrix is treated as "effects belonging to the ward, and administered for his ultimate advantage." This is so fully settled as no longer to admit of controversy.

This view of the subject confirms the propriety of the ruling in Soye vs. Price, above cited, that the proceeding to foreclose the mortgage was properly instituted in the 6th District Court, and that court had authority to appoint the curator *ad hoc* to represent the minor in the proceeding.

*Second.* The appointment of the curator *ad hoc* was made after the tutrix had forfeited the tutorship by a second marriage, and such appointment was a proper one under the circumstances, as we have recently held in Keenan vs. Ahern, 34 An. 885; C. P. 116.

*Third.* It is true that the clerk did not issue the notice to the debtor, or demand of payment prior to seizure, but the same was made by the sheriff. Whilst this was an irregularity, it has been held that it con-

stituted no ground to annul the sale. Pike vs. Hart & Hébert, 29 An. 262, 206; Billgery vs. Ferguson, 30 An. 86; 9 R. 12.

*Fourth.* It is charged that the under tutor, who was present at the family meeting advising the mortgage, though appointed by the Judge, never qualified. He acted in that capacity, both at the family meeting and in the proceeding for its homologation—and granting that the burden was upon the plaintiff to prove that he was sworn, and that such an appointment can be attacked collaterally, it was held in case of Lalanne's Heirs vs. Moreau, 13 L. 431, that when there is a formal decree of a proper court ordering the sale, and recognizing its necessity, upon advice of a family meeting, the sale will not be annulled for alleged informalities, among which were, that " the under tutor did not take the oath required by law till eleven days after the deliberations of the family meeting."

The other grounds of nullity, above recited, have not been seriously urged, and we think they require no special notice. We discover no force in them.

The judgment of the lower court was in favor of defendant. For the reasons given, it is affirmed with costs.

Rehearing refused.