## No. 10,901.

TUTORSHIP OF THE MINORS HENRY F. AND THOMAS F. SCARBOROUGH.

ON RULE OF O. H. P. SAMPLE VS. R. N. SCARBOROUGH, TUTOR.

There is no form required for presenting the plea of *res judicata*.

It is only necessary that it be specially and specifically pleaded.

The plaintiff may plead it to defendant's answer by way of exception.

It is immaterial in what form presented.

Where a tutor administers a succession, which has debts against it, with the consent of the creditors, he can hold the property *as tutor* only after he has fully administered the succession.

If the tutor conduct the mercantile and planting business left by the deceased, and borrows money to pay off succession debts, and then to pay off this debt so created uses money made in the business, and then borrows money to pay off the indebtedness of the business created since the opening of the succession, this last debt is a debt against the succession and not as against the tutorship.

APPEAL from the Tenth District Court, Parish of De Soto.
Hall, J.

### *E. W. Sutherlin* for Plaintiff and Appellant:

1. The only test to the effect of a decree as *res judicata* is its finality as to the matters embraced in it, and its having the requisites prescribed by Art. 2265 C. C.; 1 An. 92; 19 La. 318; 3 An. 202; 8 An. 126; 32 An. 565; 39 An. 583; 12 An. 197; 34 An 805; C. P. 606; 5 N. S 664; 6 An. 799; 94 N. S. 351, 423; 99 U. S. 261.

2. Minors are in law, equity and good conscience bound to restore funds, the expenditure of which inured to their benefit and the benefit of their property. C. C. 337. 346; 21 An. 374; 32 An. 953; 34 An. 410.

### *J. F. Pierson* for Defendant and Appellee:

The plea of *res adjudicata*, when relied upon as a cause of action, must be set out in the plaintiff's or in an amended petition. C. P. 171, Sec. 4, 419. It can not be plead by the plaintiff and tried as an exception. C. P. 329, 463, 476, 477.

Exceptions are a means of defence *used by the defendant* to retard, prevent or defeat the demand brought against him. C. P. 330. Defendant must be served and time must be allowed him to answer the plea when made by the plaintiff. Levy vs. Weber, 8 An. 439; Knight vs. Knight, 12 An. 896; Brown vs Brown, 21 An. 462.

Tutors can not act as administrators of successions falling to their wards without being thereto appointed by the Probate Court, and giving security, though such tutors be the father or mother of the minors. Civil Code, 1044; Jacob vs. Tricou, 17 La 109; Tilden vs. Dees, 1 Rob 409; Self vs. Morris, 7 Ib. 24; Atchison vs. Parks, 9 Ib. 142; 17 Rob 75; Arthur vs. Cochran, 12 R. 43.

Upon a critical review of the case of Lemon vs. Clark, 36 An. 747, it will be found to sustain the doctrine laid down in the above cases. The dual capacity there alluded to has reference to dual appointments made by the Probate Court under Civil Code, 1044.

The opinion of the court was delivered by

McENERY, J. This case was before this court in March, 1891, and the pleadings are stated in the opinion in 43 An. 316.

This suit was remanded for further proceedings to ascertain whether the succession was under administration when the debt upon which the plaintiff in rule proceeded to enforce its payment was created.

The law applicable to the administration of successions by tutors in the interest of both creditors and minors was fully discussed in the opinion remanding the case.

It is not necessary to refer to this question, which is referred to in the brief of counsel.

When the case was reinstated in the lower court, in addition to the form of proceedings, the defendant put at issue the validity of the claim sued on.

To defendant's answer the plaintiff by exception filed the plea of *res judicata*.

The defendant objected to the filing of the plea, on the ground that it was a " replication " or " rejoinder " to defendant's answer, which is prohibited by Article 320, Code of Practice. The objections were overruled, to which the defendant excepted and reserved his bill.

The plea may be presented by petition, exception or rule, or by intervention, or in any form of proceeding, and whenever the same questions recur between the same parties, even under a different form of procedure, the exception of *res judicata* estops.

There is no particular form required for pleading it. It may be pleaded either by way of exception or in the answer, the only requirement being that it be specially and specifically pleaded.

There is no way in which the plaintiff can plead it unless by exception or special plea. The form is immaterial.

Plaintiff's claim was presented for approval to the court by the defendant as tutor. All parties, the plaintiff, creditor, the under tutor and the defendant as tutor, were represented in the judgment homologating the account.

There was no opposition to the account and it became final and definitive as to all parties, and the judgment thereon operated as an effectual estoppel to all parties thus represented. While presented

19*

as the account of the tutor, it was in fact an account of his adminis-
tration of the succession which he, with the consent of the creditors,
was administering by virtue of his office as tutor.

The facts disclosed by the record and before the court are as fol-
lows:

Henry F. Fullilove died in February, 1885. He left an estate con-
sisting of plantations, a storehouse and stock of goods.

He was a merchant and planter, and was engaged in the usual line
of business conducted in a country store.

Henry F. and Thos. F. Scarborough, grandchildren, were his heirs.

R. N. Scarborough, the father of the children, and surviving hus
band, qualified as natural tutor of his minor children.

As tutor, he took possession of the effects in the succession of
Fullilove.

On March 24, 1885, a family meeting was convened on the petition
of Scarborough, tutor. He represented that said succession owed
about $4000, and that there were no funds on hand to pay this
amount; and he also recommended that the mercantile and plant-
ing business conducted by the deceased should be continued.
The family meeting advised as the tutor had recommended, and
also advised that he be authorized to contract debts to the amount
of $5000 in the interest of said business. The succession really owed
$3703.02, and its assets were large, the indebtedness only being
about 10 per cent. of the value of the succession effects. A profit
was made by the business for the year 1886. Another family meet-
ing was convened, and the tutor authorized to borrow $5000 and
to continue the business.

At the end of the year 1887 he procured another family meeting,
which authorized him to borrow $3000 and to continue the business
to March 28, 1888.

On February 23, 1887, the debts of the succession had been paid by
money obtained from Perrin & Zeigler, of Shreveport.

All the old debts of the deceased Fullilove were paid through this
firm. It took all the money in the hands of the tutor to pay this
debt. In the meantime there were other debts which had been cre-
ated since the opening of the succession, and only a short period
before the account was filed by the tutor. There were debts cre-
ated by the tutor in carrying on the business authorized by the
family meeting. The defendant contends that when the debts of the

succession were paid by Perrin & Zeigler this put an end to the suc-cession and the tutor held the property of the succession for the minors, and that they, through the tutor, the moment the succession ceased to exist by the payment of the succession debts, went into possession of their inheritance from their grandfather; that all debts created after this were debts of the tutorship. The distinction makes a material difference in the means employed to secure the payment of the debt, as well as to the effect of the homologation of the final account.

To pay the outstanding indebtedness created since the payment of the debts of the succession by Perrin & Zeigler, the tutor Scarborough borrowed the money from the plaintiff. This is the amount now in controversy.

From the abbreviated statement of the facts in the case it will be observed that the efforts of the tutor in the administration of the succession were to pay its debts, which were small in amount, not exceeding $4000. The mercantile and planting operations were conducted for this purpose. In his acts of administration he found it necessary to borrow money to pay off the indebtedness of the deceased and to continue the business to pay off the amounts that he borrowed.

If he paid the debts from money obtained from one source, others were created equal in amount in an endeavor to pay that which was borrowed. The acts of the tutor in administering for the heirs and for the creditors can not be distinguished. His administration was an entirety—one effort of administration to make money to liquidate the indebtedness.

The minors only had a residuary interest in the succession after the payment of the debt of the succession..

The old debts against the succession, it is true, were paid. But it was in the course of the administration of the succession in conduct-ing the business left by the deceased. The debts were paid either by money borrowed for the purpose or from the profits of the busi-ness. It is immaterial from what source the debts were paid. The succession had never been freed from its debts, for as rapidly as the old debts were paid new ones were created from the necessity of paying the old ones. These were but substituted for the debts left by the deceased, and all the acts of the tutor were done in the line of administering a succession to pay its debts.

In remanding the case we said that "it does not appear from the pleadings and account that the minors Scarborough have entered into possession of their grandfather's estate as an inheritance, yet upon issue joined and trial had the fact may be made to appear. Until this fact is made to appear affirmatively we must hold that a tutor acting as administrator of an open succession does not possess apparently for the heirs, and that the property will not pass to him as tutor until his administration as such is terminated."

The account filed by the tutor was an exhibit of his administration of the succession. It showed debts still existing against the succession.

It was a provisional account.

Until the tutor's administration of the succession is terminated the property will not pass to him as tutor.

It is therefore ordered and decreed that the judgment appealed from be annulled and reversed, and it is now ordered that the rule granted herein be made absolute, and the prayer of the plaintiff in rule be granted.

### CONCURRING OPINION.

WATKINS, J.   The following is an extract from a brief of defendant's counsel at page 28, viz.:

"We most respectfully submit that the court was drawn into error as to the true meaning of the opinion in the case of Lemmon vs. Clark. Upon a critical analysis of that case we come to the conclusion that the doctrine there announced is the *reverse* of the conclusion drawn from it by the court in the opinion in this case. We do not find that the court there admits the doctrine that an appointment and qualification of one as tutor authorizes him, under such appointment and qualification, to act also in the different capacity of administrator of a succession falling to his wards, without another appointment and qualification in such other capacity also."

Reference to our opinion will show that the paragraph *immediately* preceding the one selected and quoted by counsel does not state that the case of Lemmon vs. Clark recognized the right of a tutor, *ex virtute officii*, to administer a succession.

Indeed, it did not present that question for the decision of the court at all, nor does our previous opinion say that it did. It was a case of *heirs in possession*, as Soye vs. Price was.

But in deciding that case, the court, for purpose of illustration, merely announced the *existence* of the rule stated by us, saying:

"The *cases quoted by counsel* for plaintiff are all cases in which the tutor held in a *dual* capacity of tutor and administrator," etc.

That was all the use our previous opinion in this case meant to make of the quotation from Lemmon vs. Clark.

The sequence of counsel's argument is, that the tutor having been appointed and qualified as such, and never having been appointed and qualified as administrator of the succession of the deceased, can not represent the succession, or its creditors; and that, acting as tutor alone, plaintiff's account was, necessarily, one of tutorship *per se*, the homologation of which was only *prima facie* proof as against his wards; and, therefore, as a creditor whose claim had been acknowledged and placed thereon, plaintiff had no right to proceed by *rule* under Article 990 of Code of Practice, as he has done, for a sale of property to pay same.

But I think our opinion is correct in announcing, as a proposition well sustained in our jurisprudence, that a duly qualified, bonded and acting tutor may, *ex virtute officii*, administer a succession coming to his wards *without any appointment as administrator* thereof, and, in so doing, perform the dual functions of tutor and administrator.

True it is, as stated by counsel in his brief, that the contrary was held to be the rule of jurisprudence in many early cases, some of which he cites, viz.: Jacob vs. Tricou, 17 La. 109; Tilden vs. Dees, 1 Robinson, 409; Atchison vs. Parks, 9 Robinson, 141; Self vs. Morris, 9 Robinson, 24; Brode vs. Malden, 17 La. 75; Arthur vs. Cochran, 12 Robinson, 43.

But it has not been maintained in opinions of more recent date, and he cites none to that effect.

In Martin vs. Dupre, 1 An. 23, it was held that a *tutrix* "had power to administer the estate as such." In that case the validity of a sale at public auction made by the tutrix was maintained, against the demand of a *subsequently* appointed administrator for its nullity.

In Bryan vs. Atchinson, 2 An. 463, the question was whether a tutor, as such, might *administer a succession*, and as to his capacity to stand in judgment in a suit for the sale of property, so as to make the decree of sale binding upon the heirs and creditors.

The court say:   "It is not pretended that any creditor in this case

ever required the appointment of an administrator, and the judge was not bound to appoint one; so that if the tutrix does not represent the succession, creditors could not enforce their rights; and commenting on that proposition, they say: 'there can be no doubt that the succession was properly represented.' "

This declaration was made in answer to the complaint of a subsequently appointed administrator of that succession.

In Menget vs. Penny, 7 An. 134, the court held, upon the principle announced in Bryan vs. Atchinson, that "the defendant, as tutor to his minor children, was the representative of the succession and as such the proper party defendant in plaintiff's suit.

In Hoover vs. Sellers, 5 An. 180, it was held that "it is a well settled doctrine that a succession inherited by minors may be administered by their tutors."

In Hair and Labuzan vs. McDade, 10 An. 534, it was held that "as tutrix (plaintiff) had the right to administer upon the estate belonging to the minor children *without taking out letters of administration unless required to do so by creditors.*"

In State vs. Leckie, 14 An. 641, the foregoing opinions were cited and approved, the court holding this course of procedure to be "an exception to the general rule, to be applied if creditors do not require the appointment of an administrator."

This is the established rule of our jurisprudence, and it has been sustained by this court in many subsequent cases, and I had *no thought of it being disputed.* Vide succession of Webre, 16 An. 420; Ducote vs. Bordelon, 24 An. 145; Succession of De Lerno, 34 An. 38.

All of the foregoing cases, with the exception of the last three, were cited in the former opinion of this court in this case; and I respectfully submit that they furnish ample foundation for the opinion expressed, as counsel would have *learned* had he taken the precaution to review them before writing his brief.

I concur in the present opinion of the court, fully.