## SUCCESSION OF BRIERRE

———

(July 1, 1931. Opinion and Decree.)
(October 30, 1931. Rehearing Refused.)
(November 30, 1931. Writs of Certiorari and Review Granted by Supreme Court.)
(February 29, 1932. Opinion and Decree of the Supreme Court.)

———

Dart & Dart, of New Orleans, attorneys for appellee, Mrs. Theo. F. Brierre.

Eugene J. McGivney, Monroe & Lemann, and Milling, Godchaux, Saal & Milling, of New Orleans, attorneys for defendant, appellant.

DUNBAR, Judge ad hoc. This is an appeal from a judgment making absolute a rule taken by the tutrix herein to require the Whitney-Central Trust & Savings Bank (Poydras street branch) to deliver to the tutrix a bank deposit to the credit of the decedent, Theodore F. Brierre.

The tutrix contends that as a matter of law she is entitled to administer the estate of the deceased because she is the duly and legally qualified tutrix of a minor child of the deceased and has the right to demand and receive the money in the possession of the Whitney-Central Trust & Savings Bank, standing in the name of the deceased, upon presentation of her letters of tutorship, without presenting a certified copy of a judgment putting the heir in possession and without qualifying as administratrix.

The bank contends that the tutrix is not entitled to receive delivery of the deposit standing to decedent's credit, as natural tutrix, unless her letters of tutorship are accompanied by a certified copy of a judgment recognizing the minor as the only heir of the decedent and putting the minor in possession of the estate, or, in the alternative, unless the tutrix qualifies as administratrix of the estate and presents letters of administration to the bank.

The contention of the bank, as a matter of law, is that under the express provisions of Act No. 64 of 1921, and also in view of the prior decision of the Louisiana Supreme Court in the case of Deshotels v. LaFleur, 134 La. 1052, 64 So. 905, it cannot safely turn over the deposit to the tutrix upon presentation of her letters of tutorship, unless it is also shown that the heir has been put in possession of the estate and recognized as the only heir by judgment of court, or unless she qualifies as administratrix.

The tutrix contends that Act No. 64 of 1921, properly interpreted, does not provide for such requirements, and, even if it can be so construed, the act is not mandatory, and that, accordingly, the tutrix is entitled to the deposit in question upon presentation of her letters of tutorship, on the ground that the Supreme Court decisions and settled jurisprudence of this state allow a tutor to administer a succession without qualifying as administrator.

The material portions of Act No. 64 of 1921 are as follows:

"Section 1. That it shall be lawful for any national bank, state bank or banking

association to transfer any balance of deposit account of any deceased person, or any other property of any deceased person in its possession, to the heirs, executors or administrators of the said deceased person, or to the tutors, curators or other legal representatives of such heirs; and the letters of such executors or administrators issued by any court of competent jurisdiction, or the judgment of any court of competent jurisdiction recognizing and putting such heirs in possession accompanied, if said heirs be not sui juris, by the letters of their tutors, curators or other legal representatives issued by any court of competent jurisdiction, shall be full and sufficient authority for the making of said transfer, which when so made, shall be a full protection to any such national bank [etc.]. * * *

"Section 2. That such national banks, state banks or banking associations are hereby authorized to transfer said balances of deposit and said property on any form of receipt signed by said executors or administrators of said deceased persons, accompanied by a copy of the letters of such executors or administrators, duly certified as hereinabove set forth, or signed by the heirs of said deceased persons, if sui juris, accompanied by a copy of the judgment recognizing and putting said heirs in possession, duly certified as hereinabove set forth, or signed by the tutors, curators or other legal representatives of such heirs, if not sui juris, accompanied by a copy of the judgment recognizing and putting such heirs in possession, duly certified as hereinabove set forth, and a copy of the letters of such tutors, curators or other legal representatives, duly certified as hereinabove set forth," etc.

Counsel for tutrix argue that the act of 1921, properly construed, does not require a tutor to present, in addition to his letters, a judgment of court recognizing and putting the minor heir in possession. Counsel's contention in this regard is very briefly stated in their brief as follows:

"The act is clear and unambiguous; it clearly states that it shall be lawful for any bank to transfer any balance of deposit of any deceased person 'to the tutors, curators or other legal representatives of such heirs.' After making this declaration the Act provides:

"'And the letters of such executors or administrators issued by any court of competent jurisdiction, or the judgment of any court of competent jurisdiction, recognizing and putting such heirs in possession accompanied, if said heirs be not sui juris, by the letters of their tutors, etc., shall be sufficient authority in making the transfer.'

"Had it been the intention of the Legislature to require the tutor to present in addition to his letters, a judgment of court recognizing and putting the minor heirs in possession, the Act would have so provided. In other words, the Act would have used the words 'provided that' in lieu of the word 'and' so that it would read as follows (we quote from Section 1):

"'That it shall be lawful for any national bank * * * to transfer any balance of deposit * * * to the heirs * * * or to the tutors * * * of such heirs; provided that the letters, * * *' etc.

"As we construed the Act the expression used by the Legislature is disjunctive conjunctive; that is, the Bank may transfer to the tutor, with or without a judgment recognizing and putting the heirs in possession. Should the Bank do either it is protected under the statute, provided that in case of a non-resident the inheritance tax is first fixed and paid."

We are unable to agree with the interpretation of the act of 1921 suggested by learned counsel for the tutrix. It seems to us that both the language and intent of the act contemplate that, in order for a bank to be protected under such circumstances, it is entitled to demand that, in addition to the letters of tutorship, it must be given proof of heirship in the form of a judgment recognizing the heir as the only heir and putting the heir in

possession of the estate. For delivery of the deposit the protection to the bank is stated in the act to be "the judgment of any court of competent jurisdiction recognizing and putting such heirs in possession accompanied, if such heirs be not sui juris, by the letters of their tutors, curators or other legal representatives issued by any court of competent jurisdiction."

Section 2 of the act which provides for a proper and safe receipt for the transfer and delivery of such deposits also states that a bank is authorized to transfer such deposits on receipts "signed by the heirs of said deceased persons, if sui juris, accompanied by a copy of the judgment recognizing and putting said heirs in possession," or signed by the tutors or such heirs if not sui juris, (1) accompanied by a copy of the judgment recognizing and putting such heirs in possession, and (2) a copy of the letters of tutorship.

The learned counsel for the tutrix contend, however, that, even if the act of 1921 is to be interpreted as requiring, for the protection of the bank, a judgment putting the heirs in possession in addition to letters of tutorship, the act is not mandatory, and that the decisions of the Supreme Court prior to the adoption of the act have established the rule that a duly qualified tutor has the right, without qualifying as administrator, to exercise all of the rights and functions of an administrator in the absence of objection by the creditors, and that, accordingly, the tutrix in this case, in the capacity of an administratrix de facto, is entitled to demand and receive possession of the deposit.

Counsel for the tutrix cite and rely on Succession of Weber, 16 La. Ann. 420, and Soye v. Price, 30 La. Ann. 93, in support of their contention:

"In the case of Succession of Weber, 16 La. Ann. 420, the Court said:

"'* * * The mission of the tutor, as fixed by his appointment and the letters granted him, is to administer the estate of the minor, C. C. Art. 327 (now 337). He is the agent of the minor and he does for the minor what the latter might do for himself, if he were of the age of majority. The law accepts for the minor any succession which falls to him, with benefit of inventory. If, therefore, there should be found, in the patrimony of the minor, a succession, the tutor may administer it; not because it is so written in the letters of tutorship, for such express authority cannot be found there; but because the succession is an effect, a thing, belonging to the minor, and therefore subject to the administration of the tutor, for the ultimate advantage of the minor.'

"In Soye v. Price, 30 La. Ann. 93 the Court, after citing various cases, said:

"'These cases clearly recognize the right of the natural tutor of the minor heirs of the deceased spouse, in the absence of opposition, to take possession of the estate in his capacity as tutor, and to administer it as other property of his wards for their benefit. The possession of the tutor is the possession of the minor, and all of his acts are in the name and on behalf of his wards.'"

The theory of counsel for the tutrix seems also to be supported by the opinion of Judge Watkins in the case of In re Scarborough, 44 La. Ann. 288, at page 293, 10 So. 858, 859, in which he stated:

"But I think our opinion is correct in announcing, as a proposition well sustained in our jurisprudence, that a duly qualified, bonded, and acting tutor may ex virtute officii, administer the succession coming to his wards without any appointment as administrator thereof, and in so doing perform the dual functions of tutor and administrator."

Although there is considerable confusion in the jurisprudence, and the question as

to how far and under what circumstances a tutor may act as administrator has fed the flame of juridical controversy for many years in Louisiana, counsel for the bank admit that the doctrine announced without qualification in the case of In re Scarborough, supra, probably represented the view of our Supreme Court prior to the comparatively recent decision of that court in the case of Deshotels v. Lafleur, 134 La. 1052, 64 So. 905.

The Deshotels case is the most recent case dealing with the questions involved, and counsel for tutrix contend that this case approves the rule announced in the cases already referred to. Counsel for the bank, on the other hand, contend that the decision in the Deshotels case qualifies and partly changes the rule established in the prior decisions with relation to the extent of the right of a tutor to administer a succession without qualifying as an administrator.

The thirty-seven page opinion of Mr. Justice Monroe in the Deshotels case is most exhaustive. He analyzes and reviews at great length the jurisprudence of Louisiana and the articles of the Civil Code in relation to the subject. The facts of the case and the points actually decided are stated briefly in the court's syllabus as follows:

"Where a man dies leaving a widow in community, major and minor heirs, and an estate in community burdened with debt, and the widow in community, having been confirmed as natural tutrix of the minors, administers the community and succession, in the absence of any demand by the creditors or the major heirs for the appointment of an administrator, and causes real estate belonging to the community to be sold for the payment of a community debt, such sale will be held binding on the major heirs, and the adjudicatee will be held

to have acquired a just title, protected by the prescription of ten years, in a suit brought by the major heirs, more than ten years afterwards, for the recovery of the property on the ground that the acting administratrix was not authorized to represent them in obtaining the order of sale; and they will be presumed to have acquiesced in her administration, and in the obtention of such order, where they neither allege nor attempt to prove that they were absent from the place where the succession was opened, or were ignorant of the fact that the succession owed the debt for which the property was sold, or were not advised at the time of the intention and fact of the sale, or that there was any other means by which the money to pay said debt could have been obtained, or that the price obtained for the property was less than its value.

"A succession may be administered without the appointment of an administrator, in so far as to bind those who, being sui juris, acquiesce in such administration; but the acquiescence of creditors and major heirs in the administration, by the tutrix of minor heirs, of a succession falling conjointly to such major and minor heirs, does not enlarge the powers of the tutrix, quoad the minors, or remove the restrictions which the law places thereon with respect to the alienation of immovable property belonging to them; hence, though the sale, made at the instance of the tutrix, acting administratrix, of immoveable succession property, to pay succession debts, may be binding on the creditors and major heirs, the minors are not bound by it, unless it was made upon the advice of a family meeting, duly homologated."

It will be noted from the syllabus of the case that an attack was made by the major and the minor heirs upon a sale of property belonging to the estate, made by the tutrix, assuming to act as administratrix, without legally qualifying as such, and without the recommendation of a family meeting. The sale was sustained in so far as the major heirs were concerned, on the theory that no allegation was made by

them that the sale was not for a fair price and because they acquiesced in the action of the tutrix since they did not object, as they had a right to do, and permitted the sale to be made by the tutrix, and were therefore bound in the same way as creditors would be bound had they stood idly by and permitted the sale to have been made. As to the minors, the sale was set aside, and in this connection the court said:

"The minor heirs were, however, incapable of acquiescing in anything done by their tutrix which involved an exercise of authority in excess of that which the law conferred upon her for the administration of their property, and hence were not bound by the sale, provoked by her in violation of the prohibitions of the law. * * *"

The facts and decision in the Deshotels case, as such, do not, in our opinion, justify the conclusion or inference that a tutor has the unqualified right to assume generally the functions of an administrator; but, on the contrary, the sale made by the tutor in this case is upheld as to the major heirs only on the theory of estoppel and as to the minors was held to be invalid.

Counsel for the tutrix cite and rely on, in support of their contention that the Deshotels case approves the unrestricted and unqualified rule announced in the prior cases cited by them, a statement in the opinion of Mr. Justice Monroe, which we are compelled to interpret merely as a qualification and restricted recognition of the general rule indicated in some of the earlier cases, in view of the language of the decision that follows this statement, which will be referred to later on in this opinion. The statement relied on by counsel for the tutrix is as follows:

"In the case of Bryan v. Atchison [2 La. Ann. 462], it was held, as we have seen, that a succession, falling exclusively to minors, though burdened with debt, may, in the absence of any demand by creditors for the appointment of an administrator, be administered by the natural tutrix of the minors, so as to bind the heirs and creditors, and that in such capacity the natural tutrix may defend a suit brought to recover a debt claimed to be due by the succession of the deceased husband and father, and may defend a proceeding to compel the sale of succession property in satisfaction of the judgment therein obtained and of other debts. The doctrine so enunciated (in 1847) has been many times affirmed, cited, and acted on, and has become a rule of property which we do not feel at liberty to disturb. Succession of Story, 3 La. Ann. 502; Labranche v. Trapagnier, 4 La. Ann. 561; Dickason v. Smith, 5 La. Ann. 196; Fabre v. Hepp, 7 La. Ann. 6; Monget v. Penny, 7 La. Ann. 134; Hair & Labuzan v. McDade, 10 La. Ann. 535; State v. Heirs of Leckie, 14 La. Ann. 641; Succession of Weber, 16 La. Ann. 421; Vincent v. D'Aubigne, 19 La. Ann. 528; Bland v. Lloyd, 24 La. Ann. 604; Soye v. Price, 30 La. Ann. 95; State ex rel. Jones v. Shreveport, 33 La. Ann. 1247; Succession of Sadler v. Henderson, 35 La. Ann. 826; Succession of Lamm, 40 La. Ann. 318, 4 So. 53; Succession of Dumestre, 40 La. Ann. 571, 4 So. 328; Tutorship of Minors Scarborough, 43 La. Ann. 320, 8 So. 940; Id., 44 La. Ann. 293, 10 So. 858; Vincent v. Phillips, 47 La. Ann. 1240, 17 So. 786; Succession of Keppel, 113 La. 246, 36 So. 955; Succession of Weincke, 118 La. 207, 42 So. 776."

As we have already indicated, the statement of Mr. Justice Monroe above quoted seems to us to be only a recognition of a limited rule compelled, in his opinion, by virtue of many prior decisions involving the particular facts and problem stated, and the statement is made by Mr. Justice Monroe for the purpose of confining the rule to the facts stated, while in the same decision the prior cases indicating a more

liberal rule and application of the rule are inferentially discredited by the actual decision in the Deshotels case and the specific language of the opinion of Mr. Justice Monroe which follows the statement we have quoted. For example, Mr. Justice Monroe, after reviewing all of the authorities and after having stated the restricted rule referred to above, which he considered had been established as a rule of property by the jurisprudence, quotes article 1044 of the Revised Civil Code of Louisiana and announces his view of the law as established by the Civil Code as follows:

"Moreover, the only authority which the law confers upon tutors and tutrixes to assume the administration of successions falling to their wards is coupled with the singularly explicit restriction, to-wit:

" 'And it shall be given them, under the charge of their being personally responsible for their acts of administration, and giving security, as before required, though these tutors should be the father or mother of the minors.'

"Conceding that the security thus required is intended rather for the benefit of the creditors than of the minors, the fact remains that the tutrix is to administer upon her own personal responsibility, and not upon the responsibility of the minors, and, hence, that she administers because she is tutrix, and not as tutrix, just as a prominent official may attend a banquet or open the baseball season, because he is what he is, and yet exercise no function of his office."

In the light of the facts and actual questions involved and decided in the Deshotels case, and the language of the decision quoted above, we are unable to agree with counsel for the tutrix that, in the absence of an objection by creditors, a tutor has the unqualified right to administer a succession and exercise all the powers and functions of an administrator, without legally qualifying as such as required by article 1044 of the Louisiana Revised Civil

Code. Furthermore, the broad statements as to the right of the tutor to act in general as administrator without qualifying as such seem to be in the teeth of article 1044 of the Louisiana Code, while the theory of the status and rights of a tutor as announced by Mr. Justice Monroe in the language we have referred to above is, in our opinion, not only sound in reason, but is in accord with the meaning and intent of the articles of the Louisiana Code dealing with this subject.

The bank in this case has the right, therefore, to require for its protection that, before delivering the deposit to the tutrix, as administratrix, she legally qualify as administratrix, or, in the alternative, before delivering the deposit to her, as tutrix, that she present a judgment recognizing the heir as the only heir and putting the heir in possession of the estate.

We may say, parenthetically, that it is interesting to note, in connection with the discussion of the meaning of the Deshotels case, that even if the rule stated by Mr. Justice Monroe, which is relied on by counsel for the tutrix, is not restricted, as we interpret it, to cases where the tutor defends actions against the estate and to other conservatory measures and activities, nevertheless, the right of a tutor to act as an administrator seems to be expressly restricted by Mr. Justice Monroe, in the language quoted by counsel for the tutrix, to a situation where a succession has fallen "exclusively to minor heirs." In order for a bank having in its possession money or property belonging to a deceased person to know that this property, as part of the estate of such deceased person, has fallen "exclusively to minor heirs" (which if true would authorize the tutor to take possession and administer the succession), reliable and conclusive evidence of the fact

that there are no other heirs, and that the minor heir or heirs represented by the tutor are the sole and only heirs of the deceased, would, under any circumstances, have to be given to the bank. The mere allegation of these facts is not sufficient to protect the bank, nor could such facts be conclusively determined in an ex parte proceeding, or any proceeding between the tutor and the bank so as to bind third parties. In fact, before the adoption of the act of 1921 and the earlier acts on this subject, even an ex parte judgment recognizing the minor as the only heir of the deceased and putting her in possession in the present case would not be conclusive, although such a judgment would very probably protect the bank in making a payment against the later claim of an heir not mentioned in the judgment, on the ground that the bank had used reasonable care in ascertaining to whom the money should be paid. However, since the adoption of Act No. 64 of 1921 and the earlier acts dealing with the same subject-matter, the presentation to the bank of a certified copy of a judgment recognizing and putting heirs in possession is full protection to the bank, if it acts on the faith of the facts found by the judgment. It would seem, therefore, that, in order for the bank to determine that the tutor had the right to receive the property and administer the estate of the deceased person, because the succession has fallen "exclusively to minor heirs," it is entitled to and has the right to require, in order for it to be fully protected, the presentation of a judgment recognizing and putting the minor heirs in possession of the estate, and, if it does not require and obtain certified evidence that such a judgment has been rendered, it might be argued with plausibility that it acted at its own peril and subjected itself to the possibility of a later claim by another heir or bility of a later claim by another heir or heirs, or persons claiming to be the only real heirs, if, as a matter of fact, such persons existed.

The conclusion we have reached in this case could also probably be supported and justified, if it were necessary, on another and different ground, because we are inclined to the opinion that Act No. 64 of 1921, properly interpreted, contemplates and inferentially indicates that its intent was to dispense the banks with the necessity, risk, and trouble of investigating facts as to heirship, and the examination of court records and court decisions in connection with making a decision as to when and under what circumstances bank deposits belonging to deceased persons should be delivered to claimants, by affirmatively providing in substance that banks can, without investigation, or inquiry of any kind, and with perfect safety to themselves, transfer and deliver deposits upon the simple presentation and delivery to them of certified copies of documents and court records of the kind and character specifically designated and described in the act, together with the receipt of the person or persons described in the act. In short, the bank is entitled to demand the documents which the law specifically provides will be sufficient to protect it and cannot be compelled to act if anything less than or different from what the law requires for its protection is offered as a substitution.

For the reasons assigned, the judgment appealed from making the rule absolute is reversed, and it is now ordered that there be judgment in favor of Whitney-Central Trust & Savings Bank, defendant in rule, and against Mrs. Theodore F. Brierre, tutrix, plaintiff in rule, dismissing and discharging the rule.

WESTERFIELD, J. and MORENO, J. ad hoc, participating.