The opinion of the court was delivered by
Nicholls, O. J.
This is the second time that this case has come before us on appeal. In the July term of 1893 we reversed the judgment which had been pronounced in the District Court and remanded the cause for further proceedings according to law without preju - dice to the rights of any one, and with leave granted to all parties to so reform their pleadings and proceedings as to conform to the law and the views expressed in our opinion. The case will be found reported in the 45th Annual 1049, where the facts and pleadings are stated at length.
At the same term, we made a similar disposition of a second suit between the same parties, which had been instituted in and gone to judgment in the parish of St. Martin, 45 An. 1065. The two suits sought a partition between joint owners of certain property, part of which was situated in the parish of Iberia and part in the parish of St. Martin. The suits were brought in different parishes by reason of this fact. In the pleadings in those cases it was alleged that the property to be partitioned had been acquired by a partnership known as Milmo, Stokoe & Co., composed of Mrs. Mattie J. Stokoe, wife of J. W. Stokoe, Bernard B. Milmo and Harry B. Hewes. That the partnership had become dissolved by the death of Mrs. Mattie J. Stokoe and Bernard B. Milmo; that Milmo had left as his heirs several minor children, and that J. P. Baxter had been appointed and qualified as tutor of these children and as executor of their father’s estate. That Mrs. Stokoe had left as her heirs two children, one by a former marriage, who had been relieved from the disabilities of minority by judgment of court (Rose Mary Leitch), and one a minor, to whom his father (J. W. Stokoe) had been confirmed and qualified as tutor. That Mrs. Stokoe had left a last will and testament in and by which her husband, J. W. Stokoe, was appointed executor and that he had qualified as such.
The plaintiffs in each of the two suits were Harry B. Hewes, one of the former partners, and Rose Mary Leitch and J. W. Stokoe, *1283 personally, and as tutor of his minor son, Neil W. Stokoe, as representing the interest formerly apparently held by Mattie J. Stokoe. The defendants were the succession and minor children of Milmo, represented by Baxter, as tutor and executor. The judgments in both cases ordered a sale of the property described in plaintiff’s petition in order to effect the partition. The judgments were reversed by us for the reason, that it appeared from the record that the law had not been complied with in the matter of the tutorship of the minor, Neil W. Stokoe, in that prior to the appointment of a tutor, no recording had been made of the minor’s property, so as to secure a mortgage in his favor for the acts of the tutorship. We held that the District Judge should have sustained the exception taken by defendant to the right of J. W. Stokoe, .as tutor, to represent the minor Neil W. Stokoe, and to stand in judgment for him therein and that he should have dismissed the said Stokoe, a co-plaintiff representing the said minor as tutor.
On the return of the eases, Stokoe was appointed and duly qualified as tutor, and letters issued to him as such. Having been authorized by a family meeting, whose recommendations to that effect were homologated, to institute, on behalf of the minor, proceedings for the partition of the property hereinbefore referred to, he, with the leave of the court, intervened in the pending proceedings, joining Hewes as a co-plaintiff, and asking a judgment against the defendants. One of the minor heirs, Milmo, having reached the age of majority, was made a defendant. After several exceptions taken and overruled, the defendants answered and the case went to trial, resulting in a judgment in favor of the plaintiffs and intervenors and against the defendants, and decreeing a sale of the property to effect a partition among the joint owners. Defendants have appealed. The case was submitted to us on briefs. The objections urged are two. The first is that, urged in the answer, in which defendants declare that they “ deny that John W. Stokoe has any right or title to any part of the property named in the petition; that the succession of the wife has ever been settled, but is still under administration, and that he has possession of said property only as executor; that legatees are named in the will, and Stokoe has never filed account of his gestión and the property has never been distributed among the heirs and legatees as directed.”
This position is thus alluded to in defendant’s brief: “ J. W. Stokoe *1284 was appointed and qualified as the executor of the last will and testament of his deceased wife, Mrs. Mattie J. Stokoe. Save that he did qualify, he has never performed a single act in his capacity as executor; he has never filed an account or asked for an order or provoked a judgment of any kind. The will declares that the property left by the decedent is community property, so that one-half, after due administration, belonged to the husband; the other half of such residuum would be the property of Neil W. Stokoe, a minor, and of Rose Leitch, an emancipated minor, the child of the deceased by a previous marriage. These suits were brought by J. W. Stokoe in his own name, as owner of half the property left by his wife, and as tutor to the minor owning one-fourth. After the suit in the parish of Iberia was decided, and before the last trial, in the parish of St. Martin, but long after that suit had been remanded by this Honorable Court, these parties applied to have themselves put into possession of the estate of Mrs. Mattie J. Stokoe, and the usual order was rendered by the District Court upon that petitio u Still the executor has never filed an account or performed a single act as executor; nor is there any evidence to show that there has been a gestión of any kind. In short, the act by which the executor sought to have himself put in possession was an abandonment of his trust, without the performance of a single duty which this trust imposed upon him. But the palpable fact is the absence of having accounted, as executor, to the court for the property which passed into his hands, or of being discharged by the court from this trust.”
We understand defendant to call in question the right of the children and heirs of Mattie Stokoe and the right of J. W. Stokoe to stand in judgment on partition proceedings, so long as the estate of Mrs. Stokoe is in charge of an executor. Waiving any discussion of what would have been the force of such a contention had this property belonged in its entirety to the succession of Mrs. Mattie J. Stokoe, or. had not belonged to the community between herself and husband, we think it clear it has no weight under the actual facts of the case. We may here say that the only legacy left by the deceased was certain furniture to Rose Mary Leitch, who is herself, in proper person, one of the plaintiffs in this suit.
Defendant’s theory that when the community of acquets and gains is dissolved by the death of a wife, and her succession has been opened and a testamentary executor appointed thereto, that the *1285 community property passes into the possession of and under the control of this executor, and the community has to be settled and liquidated in the wife’s succession by and through an administration of the executor, is not correct. All parties interested in the community of acquets and gains which existed between Stokoe and his wife, are before the court and would be bound by the proceedings herein. There is another feature in the case which should be referred to, and that is the fact, that the suit as brought was brought not only by Stokoe personally, and as tutor and Rose Mary Leitch, but also by Hewes, one of the partners. The right of the latter to institute a partition suit against the other joint owners, was not dependent upon the condition of the succession of Mrs. Mattie J. Stokoe. Instead of directing the proceedings against all the other oint owners and their representatives as defendants, he was joined by Stokoe personally, and as tutor of Neil W. Stokoe and Miss Leitch as co-plaintiffs, the views of these parties in relation to their respective interests being, it seems, in accord. When upon ascertaining that Stokoe, though he had been appointed tutor and had taken an oath as such, had never caused an abstract of the inventory of the minor’s property to be recorded, we annulled the judgment for a sale of the property and a partition among the parties in interest. We did not dismiss the suit, but remanded the cause for further proceedings, the principal object of such remanding being to afford an opportunity to bring the minor regularly before the court as a party. It was not necessary under the circumstances of this case that the testamentary executor of Mrs. Stokoe should be made a party. We are not advised of there being creditors of her separate estate, but if such there be there are ample remedies by which they can protect themselves.
The second objection urged to the judgment of the District Court, is as to the mode in which the partition should be made. Defendants contend that it should be made in kind; the other parties interested, that it should be made by lieitation. The court on the evidence adduced adopted the views taken by the appellees, and ordered a sale of the property to effect a partition. We have examined the testimony and we can not say there is any error in the judgment in this respect. It is ordered, adjudged and decreed that the judgment appealed from be and the same is hereby affirmed.