## SUCCESSION OF JOHN McLEAN.

The executor has the right, whether *seizin* be given to him in the will or not, to cause sufficient property of the estate to be sold to pay the debts, unless the heirs furnish him with money.

He represents the succession fully when he applies to the court for an order for that purpose.

The widow has a a vested interest in the community property after the death of her husband, but her acceptance of the community will no more take the administration out of the hands of the executor or administrator of her husband's estate than would a like acceptance on the part of the heir.

The administration of the succession of the deceased husband involves with it the administration of the community, and the executor or administrator may rightfully cause the community property to be sold for the purpose of paying the debts of the succession.

The purchaser at a sale thus ordered, acquires all the interest which the widow in community could have had in the property.

APPEAL from a judgment on a rule taken by *John Thompson*, testamentary executor, on *Patrick Halpin.*—Second District Court of New Orleans, *Morgan*. J. *F. Haynes*, for plaintiff. *Thomas Gilmore*, for defendant and appellant.

MERRICK, C. J. *John McLean*, whose domicil was in this city, died last year, leaving a will, which was admitted to probate. He bequeathed one-third of his estate to his wife, who is now in Scotland on account of her health, and two-thirds to *John Thompson*.

The inventory amounted to $7,745. There being debts due by the deceased amounting to $3,845 52, the executor under the will applied for the sale of

two lots of ground situated in the First District of New Orleans, which were encumbered with a mortgage of $1,500. They were the least valuable belonging to the succession.

The petition, which alleges that the sale of the property was necessary to pay debts, was submitted to the attorney for absent heirs, who made no objection to the same. The sale was ordered, and at the probate sale the lots were adjudicated to *Patrick Halpin* for $2,725. The property sold belonged to the community existing between the deceased and his wife, and the debts, to pay which the sale was made, were also community.

The purchaser having refused to comply with the terms of sale, the executor took a rule upon him to show cause why he should not comply, which being made absolute, he has appealed.

He resists the rule on the ground that, by the death of the husband, the partnership which existed between the husband and wife was dissolved, and the surviving spouse became the absolute owner of one-half of the property sold; that the deceased, if he had survived the wife, could not have sold her interest; that the testamentary executor, who is but the mandatary of the deceased, cannot pretend to exercise any greater right over the share of the surviving wife, and that the decree of the court ordering the sale will not protect the purchaser against the action of the wife or her heirs.

The passage of the Act of 1837 (page 95) has strengthened as well as continued the powers of the testamentary executor, who represents the succession of the deceased, so far as it concerns the collections of money, the sales of property, and the payment of debts, as well as legacies, as fully as administrators or curators of vacant estates. C. C. 1661, 1663. And now, by the sixth section of the Act approved 12th March, 1855, it is provided that the representatives of successions (viz: executors, administrators and curators) shall have the right to cause sales of the property administered by them to be made either by the Sheriff or by an auctioneer, or to make it themselves; but in the event of making it themselves they shall receive no commission. Acts of 1855, p. 79. They are to continue in office until the estate is wound up; they are to file an account once in every twelve months, and to deposit the money in bank, &c.

We think it results from the whole Act, taken in connection with the Code, that unless the heirs furnish the executor with money to pay the debts, he has the same right which the administrator has, whether seizin be given him in the will or not, to cause sufficient property of the estate to be sold to pay the debts, and when he applies to the court for that purpose, like the administrator, he fully represents the succession.

The widow, the partner in the community, after its dissolution has a vested interest in it, which she may accept, nevertheless her acceptance will no more take the administration out of the hands of the executor or administrator than will the like acceptance on the part of the heir.

Before the dissolution of the community by the death of the husband, the wife has only an eventual interest in it. The husband is the head and master of the community, and may sell and dispose of the same by onerous title as he sees fit, without her permission or consent. He may even bestow the movables by gratuitous titles. Now as the husband is responsible for the debts of the community, and must answer for the same out of his separate estate, if the community is insufficient, and as the wife may renounce and claim that her paraphernal rights shall be paid out of his estate, the settlement of the com-

SUCCESSION OF
McLEAN.

munity is a natural consequence of the settlement and payment of the debts of his succession.

The funds of the community, out of which the debts are to be paid, ought to be placed in the hands of him who is charged with the payment of the debts, hence the settlement of the succession of the husband naturally carries with it the sale of sufficient effects of the community as are incident to the payment of its debts.

In the case of *Lawson et als.* v. *Ripley*, the court said: "The succession of the husband is so far connected with the community as to form together, at the time of his death, an entire mass called his estate, which is not only liable for the payment of the common debts, but for the portion of the wife or her heirs to the residue, if they have not renounced. The widow or her representatives have consequently such an interest in the mass of the estate or succession of her husband, with regard to whom no distinction is made between his separate property and that of the community until the net proceeds, or amount of the acquets and gains, are ascertained, that their assistance at the inventory and their concurrence at all the proceedings relative thereto, which are to be carried on contradictorily with them, are generally required."

It is thus evident that the administration of the succession of the deceased husband involves with it the administration of the community. The testamentary executor could, therefore, rightfully apply for the sale of the property of the community, and the order of the Judge decreeing the sale must be considered as a protection to all persons purchasing under it. As the purchaser at the probate sale acquired all the interest which the widow in community could have in the property, there is no reason why he should not comply with the terms of sale.

Judgment affirmed.