No. 4532.

WILLIAM J. RUSK, Administrator, *v.* WARREN, CRAWFORD et als.

Where there is community between husband and wife, the husband is the head of it, and is responsible for the debts of the community. The death of his wife does not deprive him of the right to make *bona fide* settlements for the payments of the debts of the community, nor do such settlements novate the debts as to the community. The community property is liable for the community debts.

APPEAL from the Seventh Judicial District Court, parish of Avoyelles. *Butler*, J. *Waddill & Barbin*, for plaintiff and appellant. *Irion, Cullom & Walsh*, for defendants and appellees.

LUDELING, C. J. The debts, which are the basis of the judgments injoined in this suit, were created during the existence of the community of acquets and gains between N. R. Selser and his wife, Martha Stampley. After the death of his wife, he continued to control and administer the property of the community, without any administration upon the succession of his wife. While thus controlling the community property after the death of his wife, he renewed the notes given by him during her life, and subsequently the holders of the notes obtained judgments against him individually; and, having seized and sold his undivided interest of the community property, they caused the other half interest to be seized to satisfy said judgments. In the meantime, one of the heirs of the deceased wife was appointed administrator of the succession, and he has injoined the sale.

The plaintiff in injunction contends that by taking new notes and judgments thereon against the husband personally, after the death of the wife, the debts were extinguished by novation. We do not think so. The husband was the head of the community and he was responsible for the debts of the community; the death of his wife did not deprive him of the right to make *bona fide* settlements for the payment of the debts

of the community, nor did such settlements novate the debts as to the community. The community property is liable for the community debts. Lawson *v.* Ripley, 17 La. 274 ; 23 An. 424.

It is therefore ordered and adjudged that the judgment of the lower court be affirmed with costs of appeal.