## No. 8191.

S. C. Prothro et al. vs. J. E. Prothro et al.  D. R. Carroll, Warrantor.

The statutory prohibition against purchases by administrators of successions, of the property thereof, is in favor of the creditors and heirs; and, therefore, the nullity of such purchases is not so absolute that they cannot be ratified or acquiesced in by the interested parties.

APPEAL from the Eleventh Judicial District Court, parish of Natchitoches.  *Pierson*, J.

---

*J. F. Pierson* and *J. H. & M. J. Cunningham* for Plaintiffs and Appellants:

First—The law does not require an allegation of value in a suit for a specific thing. C. P. 172, § 4.  The affidavit of the party of the value of the object demanded is sufficient to support the jurisdiction of the court.  30 An. 798; 29 An. 41; 28 An. 303, 644; 27 An. 503; 15 An. 661; 12 An. 59; 5 An. 92.

Second—The want of jurisdiction *ratione personæ* cannot be plead after answer filed.  31 An. 89, and authorities there cited.

Third—A suit by the heirs under their hereditary title against a stranger to the succession for the property of the succession in his possession, must be brought in the courts of ordinary jurisdiction, although such stranger may hold under a public probate sale thereof, and the court of ordinary jurisdiction has the power to pronounce on the validity of the probate proceedings under which such stranger claims to hold the property.  Such an action in revendication is in no sense a probate matter.  31 An. 183; Choppin vs. Forstall, 28 An. 305; O'Donogan vs. Knox, 11 L. 338; Rachal vs. Rachal, 1 R. 116; 17 L. 15.

Fourth—An administrator is prohibited by law from purchasing the property of the succession in his charge; and this rule of law is founded in the hallowed orison "Lead us not into temptation," and is intended to prevent the administrator from placing himself in a position in which his own personal interests must necessarily conflict with his duty under

his appointment. The rule is founded in public policy and intended to maintain the integrity of mortuary proceedings in courts. Michaud vs. Girod, 4 How. 552; Wormley vs. Wormley, 11 Wheat. 441; Davoue vs. Fanning, 2 John, ch. 252; 1 Gillman, 614; 5 McLean, 4; 36 Ill. 344; 12 Indiana, 266; 7 How. 260; 31 Barbour, 458; 11 M. 298; 4 N. S. 267; 9 L. 47, 354; 14 L. 111, 124; 2 An. 780; 15 L. 394-7; 5 An. 568; 24 An. 492; 6 L. 415; 15 An. 581; 9 An. 232; 23 An. 519; 27 An. 241, 491; C. C. 11, 19.

Fifth—There is no distinction in law as to vitiating a contract between *malum in se* and *malum pro hibitum.* 2 B. & P. 374; 3 Verji, 612; 2 Pet. 539; C. C. 1895, 2031.

Sixth—Courts are instituted to carry into effect the laws of a country, and cannot become auxiliary to the consummation of violations of law. There can be no civil right where there can be no legal remedy, and there can be no legal remedy for that which is itself illegal. Bank of U. S. vs. Owens, 2 Pet. 538; 1 B. & P. 264; 11 Wheat. 272; 3 McLean, 276, 212; 17 How. 232; 18 How. 289; Cotton vs. Brien, 6 R. 217; Davis vs. Holbrook, 1 An. 176; Bank of New Orleans vs. Frantum, 22 An. 462; La. State Bank vs. N. O. Nav. Co., 3 An. 314; 7 Loullier, No. 553; 8 ib. No. 515; Dunod Prescription, part 1, ch. 8, p. 47; Parsons on Contracts, vol. 1, p. 456.

Seventh—A thing that is absolutely null cannot be ratified; nor can an act made or done in contravention of a prohibitory law, be authorized or ratified, or confirmed. The law may not be then infringed covertly. Decuir vs. Le Jeune, 15 An. 571; Bradford vs. Cook, 4 An. 231; Hoggatt vs. Gibbs, 15 An. 700; Marcade, vol. 5, p. 344; ib. 93; ib. 90; Boileux & Poncelet, Cons. Art. 1338, C. N.; Demolombe, Contracts, vol. 6, No. 729; Rogron, C. C. Art. 1338; 3 Bin. 352; 48 Min. 553; 44 N. Y. 237; 43 Ill. 123; 7 S. and R. 230; Solon, Sec. 1, § 3, No. 334, p. 258; Brumele Ed. 1836.

An act of ratification or confirmation in order to be valid or binding must contain a mention of the motive of the action of rescission and an expression of the intention to supply the defect on which that action is founded. C. C. 2272; 15 An. 571; Rogron, C. C. 1338.

Eighth—An act made without consideration can have no effect. C. C. 1893.

Ninth—Recognitive acts do not dispense with the exhibition of the primordial title. C. C. 2271; 22 An. 521.

Tenth—The prescription of ten years will not apply to an administrator assuming to purchase and in possession of property of the succession in violation of the prohibition of the law. His title was not legal nor his possession in good faith. 23 An. 520; 4 R. 201; C. C. 3479, 3486, 3487.

Eleventh—The equity of restitution only exists between the original vendor and vendee. A vendee in a subsequent sale of the property cannot plead the want of restitution from the first vendor to his immediate vendor. His remedy must be enforced through his action in warranty.

Twelfth—Where those against whom the want of restitution is plead have received no benefit from the parting with the property, no equity exists against them to pay anything for the restitution.

Thirteenth—Where the amount claimed in restitution plead as a bar to an action to recover property back, is not definitely fixed and settled, the want of a previous tender of restitution will not bar the action. Stafford, Ex., et al. vs. M. H. Twitchell et al. (not yet reported), decided by Justice Fenner in February, 1881.

Fourteenth—Restitution only applies to the rescission of sales voidable. It does not apply in a case where the object of the suit is to have a decree of the court that no such sale as in the case of simulation and the like.

*Watkins & Scarborough* and *Wm. H. Jack* for the Warrantor, Appellee :

First—Original jurisdiction in petitory actions must be tested by the alleged value of the property sought to be recovered, and a petition wholly wanting in this particular cannot be supplemented by affidavit, or otherwise, to invest jurisdiction—such a suit is nothing; and nothing else can be made of it. C. P. 88, 126, 384; 15 An. 120; 21 An. 755.

**Second**—The modern doctrine, allowing plaintiffs to file in the Appellate Court affidavit as to value to vest jurisdiction in the Supreme Court only obtains when the pleadings in the court of original jurisdiction allege value, and allege it in such way as to authorize it as a more specific averment of value—it cannot be extended to supply defects in the pleadings in the court of the first instance. 22 An. 25, 272; 30 An. 799; 21 An. 448; 20 An. 574; 30 An. 604.

**Third**—In actions to annul sales of succession property bought by administrators, the suit should be brought against the administrator, at his domicile, as to such nullities as have arisen subsequent to the order of sale whilst proceedings anterior to it should be attacked in the court which decreed the sale. 13 An. 189; 31 An. 182.

**Fourth**—A petitory action is emphatically a demand based upon an existing title, and is not the proper proceeding to recover property alienated at judicial sale, such a proceeding involves a collateral attack upon title resulting from judicial proceedings, and is not warranted by the rules of practice. (Dunn vs. Bird, 29 A. O. B.); 18 An. 196; 19 An. 353; 23 An. 331: 27 An. 365; 13 La. 431; 10 R. 396; 2 An. 467; 19 An. 354; 23 An. 175, 772, 499, 46 and 331; 24 An. 227; 25 An. 639; 29 An. 698.

**Fifth**—Judicial title and uninterrupted tenure for ten years bars the recovery of the original owner. C. C. 3478; 19 An. 353.

**Sixth**—This particular action is barred under the law and the facts of the case by five years. C. C. 3543; 21 An. 505, 584.

**Seventh**—Minors who are advised of their rights, and who are in condition to assert them, loose their right so to do when they suffer four years to elapse after attaining majority without taking action to recover their property that has been alienated; their silence, inaction and presumed acquiescence in the sale for this period estopped them from complaining, and the more especially if they themselves have done acts conformably with such transfer. 3 M. 457; 8 M. 632; 10 M. 735; 11 M. 717; 6 L. 606.

**Eighth**—Minors who, after attaining majority, have expressly ratified irregular or void sales, and who have received and receipted for the price, cannot be heard to gainsay their own acts. 3 An. 328; 6 L. 606; 2 An. 648; 25 An. 486; 16 An. 135; 3 An. 536.

**Ninth**—In suits to annul or avoid judicial sales, it is settled doctrine that the plaintiff, as a condition precedent to the institution of the action, must restitute or tender reimbursement of the amount of the price inuring to his benefit; and this rule of equity and fair dealing is made applicable to minors by express and positive provision of the Code; it is the putting *in mora* without which the action is premature; it is the *sine qua non*, without it there is no suit. 21 An. 383; 24 An. 324; 28 An. 854, 651; 29 An. 536; 26 An. 188, 446; 28 An. 269; 30 An. 302; 8 An. 191, 123; and 31 An. 891.

**Tenth**—Pending administration, heirs are without right of action to recover, for themselves, property sold at succession sales. C. C. 1037, 1049; C. P. 974, 982; 14 An. 641; 24 An. 280.

**Eleventh**—There is nothing in the law prohibiting heirs from selling their rights in a succession to the administrator, or to any one else. The prohibition against the administrator's buying is made in their interest and for their protection, and is not intended to trammel their wills and judgments, and make that a curse which was intended as a blessing; and, further, they have the unqualified, inherent and indefeasible right, after majority, to ratify the administrator's purchase of succession property, whether made by them to him, by conventional sale, or where he acquired at public sale with or without their knowledge or concurrence. So far as the policy of the law is concerned, they are perfectly free to do what they please with that which is their own. 10 M. 726; 6 L. 606; 6 N. S. 21; 2 An. 648; 25 An. 486; 3 An. 328.

**Twelfth**—The purchase of succession property by an administrator is not an absolute nullity, such as results from an act in derogation of law, made for the preservation of public order and good morals, but it is relative, and may be avoided or ratified, as the parties in interest may elect. C. C. 1790; 9 An. 216; 16 An. 135. This rule is common to all onerous contracts, without exception.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is a petitory action, in which the plaintiffs seek to be decreed the owners by inheritance of certain real estate in the possession of defendants. They charge that the latter claim title from one Boult, but that he never acquired the ownership of the property, for the reason that, when it was adjudicated to him at the probate offering in 1856, he was the administrator of the successions of their father and mother, was incapacitated by prohibitory law from purchasing any effect thereof, and that the pretended adjudication thereof was an absolute nullity.

The defendants answered, claiming title from one Carroll, who had acquired the property at a judicial sale thereof under execution in his favor against Boult. They called Carroll in warranty, who first opposed a number of preliminary defenses, and finally upheld the validity of his title and pleaded prescription.

The heirs of Boult, made parties, pleaded the general issue.

From a judgment rejecting their demand, the plaintiffs have appealed.

Although the *syllabi* of the briefs, present fourteen points on behalf of plaintiffs and twelve on the part of defendants, we think it necessary to pass upon one only; which appears decisive of the controversy.

The voluminous record discloses, as salient facts, that the plaintiffs are the only descendants of their father and mother, who left a considerable estate, heavily encumbered, and which was in charge of Boult as administrator; that, with the previous authority of two of the plaintiffs, one of whom was of age and authorized by her husband, and the other had been fully emancipated, and contingent on a valid divestiture of the rights of the third heir, who was at the time a minor, Boult agreed to purchase all the succession property, on assumption of all the debts strictly due by the estate, and on payment to each heir, of $23,000; that on the 8th of July, 1856, Boult became the adjudicatee; that the two heirs first mentioned and a family meeting on behalf of the minor, whose deliberations were homologated, ratified the sale; that subsequently, Boult settled with the three heirs, the third having become of age, and gave them money and property in payment of the amount agreed upon; that afterwards Carroll, a judgment creditor of Boult, seized the property in dispute, became the adjudicatee thereof, on the 23d of February, 1869, and in 1873 and 1876 sold it to the defendants, in whose possession it has since remained.

This suit was brought in February, 1879, nearly twenty-three years after the adjudication to Boult, after his death and after the destruction by fire of the court-house of Winn parish. Fortunately copies had been

retained by Boult of many of the important documents in evidence in this case.

The plaintiffs claim, that the adjudication to Boult, in 1856, is an absolute nullity, which cannot be ratified.

In support of that position, the learned counsel who represent them have referred us to many authorities, which have received our careful attention. Far from questioning, we formally admit their correctness in the cases in which the rulings were made, but we do not think that they are entitled to application in a controversy like the one at bar.

The nullity charged, although one of public order, was established for the benefit of creditors and heirs, but was not absolute so as not to be susceptible of being waived or ratified by those in whose favor it was created.

We hear no complaint from any creditor, and the heirs who raise their voice against the sale cannot be heard, as they have formally acquiesced in and ratified the sale and received therefrom the $69,000 stipulated in their favor, which they have not offered to return.

12 L. 122; 3 An. 536; 9 An. 216; 16 An. 135; 4 Toull. 553; 7 Toull. 561, 8 n. 518; Dunod Prescr. part 1, ch. 8, p. 47; 3 Delvincourt, p. 66, 126; Rogron, C. N. 1596, Locré 4, 195, 149; Duranton, 16 n. 138; Duvergier, Vente, n. 194; Troplong, Vente, 1, p. 260, n. 481.

We find no error in the judgment complained of.

It is, therefore, affirmed with costs.

Mr. Justice Levy recuses himself, having been of counsel.