Statement of the Case.
BREAUX, C. J.
Plaintiff brought suit against defendants to compel them to comply with an adjudication.
She bought the property from the succession of Joanna Morris Westervelt, wife of Lucius W. Brown. The property was offered by her at public auction for sale, and through an auctioneer it was adjudicated to the defendants here for $800.
The defendant refuses to take title on grounds which we will hereafter consider. *370 At this time we deem it in place to state that the late Mrs. Joanna Morris Westervelt left three minor children, issue of her marriage with .Lucius W. Brown. In due time after her death an inventory was taken, and her husband qualified as natural tutor of the children.
The property amounting to $11,935 as per inventory was owned by the late community which existed between the late wife and her surviving husband. The community was in debt. The debts amounted to over $8,000. The tutor of the children in his petition to the court alleged that the community was in debt and that a sale was absolutely necessary to enable him, from the price of the sale, to pay the indebtedness. He urges that he had the power of administration as natural tutor; also, under the order of the court, that the creditors did not raise any objection to his administering as tutor.
On the petition of the natural tutor the property was sold at public auction for the sum of $660 (an amount over the value placed thereon in the inventory).
The sale was not preceded by a family meeting, but a short time thereafter a petition was addressed to the court for a family meeting, and it alleged at some length the facts connected with the settlement of the succession: that it was in debt; that a sale was necessary; that the sale made was for a full and fair price. The court ordered a family meeting to be held in the interest of the minors. It was held, and the conclusion was arrived at that the sale was made •in the interest of all concerned, and that no interest of the minors would be served by another sale. Upon this recommendation of the family meeting, the court passed and ordered the homologation of the proceedings, ratifying the sale of the property.
The grounds of defendants’ objections are:
(1) The settlement of the community in the wife’s succession.
(2) The natural tutor could not represent the creditors of the community and his minor children.
(3) The mortgage of the minors was illegally canceled at the instance of the tutor.
(4) The insolvency of the community is not sufficient in a suit by the wife’s heirs to recover their property illegally sold.
The judge of the district court sustained these grounds. An appeal was taken to the Court of Appeal from his judgment.
The judgment was reversed on this appeal. The court on appeal in a carefully prepared opinion held:
(1) That the tutor may sue out proceedings to pay debts.
(2) That our laws have not provided for a regular settlement of the community dissolved by the death of the wife. None the less, in the absence of opposition of the survivor or of creditors, a legal sale may be made.
(3) A family meeting may be held after a sale, and, if the proceedings were homologated, the title vested in the buyer who consummates the sale.
(4) The right of community creditors to community property ranks the separate right of the spouses.
The adjudicatee, after this decision had been rendered, applied to this court for writ of certiorari, or review.
The case is now before us on that application.
We take up the first ground for decision:
The wife’s succession and the legality vel non of the settlement.
Judgment.
The community between the husband and his late wife -was indebted, and its property primarily liable for the payment of this community indebtedness. The husband as head and master of the community was the first to look to for payment. His estate is bound for the payment of the debts contracted. But the property remains bound, even that *371 portion which passes into the succession of the wife a'fter her death. It passes to her succession burdened with the debts of the community. Although it thus belongs to the community, the husband is without authority to sell it at private sale.
If the husband, who has qualified as the tutor of his minor children, who have inherited the mother’s interest in the community, cannot have the property sold, then he would be liable for the entire debt, without right or authority to sell property equally liable with his own for its payment. But he must be held to have this right and authority as tutor and legal representative of his minor children.
The minors are bound by proceedings in which they are represented, and cannot, on grounds here urged hereafter, have any cause of complaint. They inherited no property, save the residue after the payment of community debts.
The tutor with “power to administer” sought to bring about a liquidation of the community in order to fix the amount to which they are entitled. From the nature of things a sale became necessary.
Learned counsel for the adjudicatee, the defendant here, insists that we decided contrary to the views before expressed in the case entitled Succession of Fernandez and De La Rosa, 50 La. Ann. 565, 23 South. 457.
We will state that the facts of that case are different from those in the case before us for decision. In the case cited, both the husband and the wife were dead. The heirs of the husband were not represented in the proceedings. They were not cited. The property was not sold to pay debts, which of itself presents a question entirely different from that here-involved. The two successions having been separately opened, the wife, who had survived her husband, became the executrix of his testament. After her death her testamentary executor undertook to sell, after proceeding in court, the community property in the succession of the wife, although he had not qualified as executor of his (the husband’s) succession. We decided that the executor of the wife’s succession has no such authority.
The two successions being open at the same time, the community should have been settled in the succession of the husband, after having made the heirs of the wife parties.
In Verrier v. Sheriff, 48 La. Ann. 718, 19 South. 677, another decision cited by defendant, the administrator of the succession of the wife sought to have sold property of the community during the life of the husband.
The court held that the husband is personally liable for community debts, and that he cannot, as was proposed, be ousted of his possession of community, his right as usufructuary, and the property sold by the administrator of the wife’s succession.
A number of decisions were cited in this last case, all sustaining the view before expressed, and all in substance holding that the creditors of the community who wish to hold the heirs of the wife liable for a community debt must join them in suit against the husband.
The creditors, also, are protected. They have a right of action.
In Succession of Cason, 32 La. Ann. 790, the court held:
“That community creditors are under no necessity to provoke its liquidation through the medium of the wife’s succession, because it is settled they may disregard the wife’s interest and proceed directly against the community property in the possession of the husband, contradictorily with him alone.” (Italics ours.)-
It is evident that the question of the necessity of making the heirs of the deceased wife parties to the proceedings against the husband is not before us for decision.
The question here is whether the husband who is natural tutor can have the property sold to pay debts. He can if the creditors do not object. Succession of Smith, 9 La. Ann. 107; Richard v. Deuel, 11 Rob. 508; David *372 son v. Davidson, 28 La. Ann. 270; Succession of Hood, 33 La. Ann. 467.
In the second place, the question is, can the husband, thus legally representing the succession of his wife, have property of the community sold to pay its debts? If he can make bona fide settlement for the payment of the debts of the community (Rusk v. Warren, 25 La. Ann. 314); if, upon the dissolution of the community, the husband’s liability for community debts is not changed (Hawley, Adm’r, v. Bank, 26 La. Ann. 230) — he should have the right as tutor of his children to provoke a sale of community property to pay debts.
The creditors having the right to bring about the sale of community property, contradictorily with the executor, as before mentioned, 'he, it follows, must have the right to have the property sold to pay creditors.
This court said, in Hart v. Foley, 1 Rob. 378:
“As our laws have provided no mode to compel a regular settlement of a community dissolved by the death of the wife, it behooves the creditors of the community to interfere for the protection of their rights.”
If there be a hiatus as just stated, the husband, acting as tutor, should have equal rights with creditors to have the property sold in order to pay debts and to put an end to the necessity of having to answer the claims of suing creditors.
If he can be called upon as before stated for payment, he must have authority sufficient to have the property sold which is liable for the debt.
In Hewes v. Baxter, 46 La. Ann. 1285, 16 South. 196, another of defendant’s cited cases, the issues decided were not similar in this: that the heirs were parties to the proceedings as brought, and there was no necessity for the interposition of the tutor who was not interested in having property sold to pay debts.
The defendant rests the defense of his position, viz., that a surviving father represents the minors solely, and cannot represent the creditors of the community, upon the authority of the following decisions: Soye v. Price, 30 La. Ann. 93; Lemmon v. Clark, 36 La. Ann. 744; Succession of Weber, 16 La. Ann. 420.
In the first-cited case the court held that “the natural tutor of minors may take in charge and administer, as tutor, the property of minors, and his possession of the property in contemplation of the law is their possession.”
The right recognized in the opinion is not in conflict with the tutor’s right to have property sold to pay debts, if it be found to the interest of all concerned, and that is the extent of our opinion in the case before us for decision. Again, the administration for the benefit of the minors is referred to in the second-cited decision, and that is mentioned as one of the conditions under which the undertutor or tutrix can administer the succession of the deceased spouse.
In the third of the cited cases, Succession of Weber, 16 La. Ann. 420, the right of the tutor of the minors to sell the property in a succession in which they have an interest is recognized, and the principle laid down in the decision does not militate against the position here.
It need only be said regarding the third ground of defense: “Ex parte cancellation of the minors’ property is void” — that, the sale being legal, it follows that it was proper to cancel the mortgage on the property sold.
As relates to the insolvency of the community, the last ground of the defense urged, we deem it sufficient to say that in this instance there was no irregularity committed by selling the property.
The property sold for an amount over its appraised value. A family meeting was called and passed upon the interests of the minors. This court has repeatedly held that a family meeting may be called after the sale to cure irregularities.
*373 The ease does not fall within the terms of the case last cited, in which it was mentioned that a family meeting could not be dispensed with in proceeding by the tutor to sell property.
The order nisi is recalled and discharged. Applicants’ demand is rejected and their petition dismissed.
On Rehearing.
We agree with counsel for defendant and applicant here that the cancellation must be a legal cancellation.
We think the cancellation was legal.
Counsel goes further, and urges that the whole mortgage has been canceled; that is, that affecting other property than that here involved.
If such was the view of the recorder or any one concerned then we say that view is erroneous.
The district court (we copy from the judgment ordering cancellation) said, “Let the minors’ mortgages and all creditors’ rights herein on said properties be canceled and erased and referred to the proceeds of sale by said sale.”
No cancellation should be made except of the minors’ mortgage on the property in question, which was the only res in the case, and if any has been made further than is just stated then it is null and void.
Rehearing refused.